THOMAS F. CLEVERLY *vs.* DENNIS O'CONNELL.

Suffolk.    January 20, 1892. — February 26, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Amendment — Right to Trial by Jury.*

If a party does not file a notice that he desires a trial by jury in the Superior Court, as required by the Pub. Sts. c. 167, § 69, " before the parties are at issue, or within such time thereafter as the court may by general or special order direct," he takes the risk of any amendments that may thereafter be allowed by the court, and after the time provided for filing such a notice by the general rule of the court has elapsed, it is in the discretion of the court, on amendments being allowed which change the issues or introduce new ones, to grant or deny to any party the right to file the notice required by the statute.

FIELD, C. J.    This case came on for trial by the court without a jury, neither party having filed a notice that he desired a trial by jury, and more than ten days having elapsed after the answer was filed.    Pub. Sts. c. 167, § 69.    The 22d Common Law Rule of the Superior Court then in force was as follows: " The notice that a party desires a trial by jury, required by Pub. Sts. c. 167, § 69, shall be filed not later than ten days after the filing of the answer or plea, unless the court shall by special order restrict or extend the time."    During the trial, and while the defendant was putting in his evidence, he asked leave to file an amendment to his answer.    " The plaintiff claimed that upon the allowance of this amendment he was entitled to file a claim for trial by jury.    The presiding justice ruled that he was not so entitled, refused to allow him to file such a claim, and allowed the amendment to be filed, the plaintiff waiving any other terms."    If a party does not file a notice that he desires a trial by jury " before the parties are at issue, or within such time thereafter as the court may by general or special order direct," (Pub. Sts. c. 167, § 69,) he takes the risk of any amendments that may thereafter be allowed by the court; and after the time provided for filing such a notice by the general rule of the court has elapsed, it is in the discretion of the court, on amendments being allowed which change the issues or introduce new issues, to grant or deny to any party

the right to file the notice required by the statute. In the present case, the amendment set up a fact which the plaintiff's counsel in opening the case had admitted.

*Exceptions overruled.*

*W. W. Blackmar & H. N. Sheldon,* for the plaintiff.

*J. F. Cronan,* for the defendant.