## LORETTA A. DOLAN *vs*. BOOTT COTTON MILLS.

Middlesex.   March 1, 2, 1904. — May 19, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
& BRALEY, JJ.   ·

*Practice, Civil,* Claim for jury.  *Rules of Court.  Evidence,* Collateral issues.
*Negligence,* Employer's liability.  *Words,* "Extend."

Under Rule 18 of the Superior Court, providing that the court by special order may
"extend the time" for claiming a trial by jury, it is within the discretion of the
court to make an order permitting a trial by jury, although the motion to put
the case on the jury list is made after the expiration of the time fixed by the
rule for filing the notice of a claim for a jury.

In an action against the proprietor of a cotton mill by a bobbin girl for injuries
from having her fingers caught in the uncovered gearing of a machine, it is
within the discretion of the presiding judge to exclude a question by the defend-
ant calling for a statement of what a witness knew as to gears of this kind being
operated without covers in other mills.

In an action by a girl fourteen years of age, when injured, who recently had begun
to work in the defendant's cotton mill as a bobbin girl, for injuries from having
her fingers caught in the gearing of an uncovered spinning machine, it appeared,
that the plaintiff never before had worked outside of her home and had no knowl-
edge of machinery, that in the defendant's employ she had worked three weeks
upon a machine the gearing of which was covered and it had been a part of her
duty to clean the machinery, that she then was put to work under another girl
upon a machine like the first except that the gearing was uncovered, that it was
not safe to clean the gearing of this machine when it was in motion, and the
girl under whom the plaintiff was working had been accustomed to stop the
machine and clean the gearing, that after the plaintiff had worked on this ma-
chine for three days she was told to clean it without being given any instructions
or warning as to the gearing, and, supposing that it was her duty to clean the
gearing as well as the other parts of the machine while it was in motion, she
attempted to do so, and received the injuries.  *Held,* that there was evidence of
the defendant's negligence in failing to give the plaintiff sufficient instructions
and in giving her misleading instructions, and that there was evidence to warrant
a verdict for the plaintiff.

TORT, by an infant by her next friend, for injuries received
while employed in a cotton mill of the defendant at Lowell.  Writ
dated December 12, 1901.

The writ was returnable in the Superior Court on January 6,
1902.  The action was duly entered in that court by the plain-
tiff, and the defendant seasonably entered its appearance by
counsel and filed as answer a general denial.  Neither party

filed a claim for a trial by jury. The plaintiff caused the action to be placed upon the list of actions for trial before *Wait,* J. sitting without juries at Lowell on June 23, 1902. On that day the plaintiff's counsel filed a motion in writing, requesting that the action be transferred to the list of actions for trial before a jury. The judge, finding that the plaintiff had intended to claim a jury trial, but that her counsel inadvertently and through accident had failed to do so within the prescribed time, granted the motion against the defendant's objection, and ordered the action transferred to the jury list. The defendant alleged exceptions.

The case then was tried before *Aiken,* J., who refused to order a verdict for the defendant, and also refused to give certain instructions requested by the defendant. The jury returned a verdict for the plaintiff in the sum of $875; and the defendant alleged exceptions.

The case was argued at the bar in March, 1904, before *Knowlton,* C. J., *Morton, Hammond, & Braley,* JJ., and afterwards was submitted on briefs to all the justices except *Loring,* J.

*F. E. Dunbar,* (*G. H. Spalding* with him,) for the defendant.
*F. W. Qua,* for the plaintiff.

KNOWLTON, C. J. The question raised by the first bill of exceptions is whether it was in the power of the court, under the R. L. c. 173, § 56, and Rule 18 of the Superior Court, after the expiration of ten days from the filing of the answer, to make a special order permitting the plaintiff to put the case on the list of cases to be tried by a jury. That part of the statute which is applicable allows the entry of an action upon this list " within such time after the parties are at issue as the court may by general or special order direct." The general order of the Superior Court is found in Rule 18 of the common law rules, which provides that notice of a desire for a trial by jury shall be filed " not later than ten days after the time allowed for filing the answer, or plea, . . . unless the court by special order shall extend the time." It is plain that the statute contemplates the making of a general order by the court, with power to make a special order in any particular case, as well after the expiration of the time prescribed by the general order as before it. Indeed, if the time prescribed by the general order had not expired, there

would ordinarily be no need of a special order. Unless the court by this rule has limited the power given it by the statute, the special order referred to in the rule must be held to include authority to extend the time after its expiration as well as before. While there is force in the argument that the word " extend ", used in reference to a period of time, seems to imply the existence of an unexpired portion of the period, there are other opposing considerations applicable to this case which we deem of more weight. In the first place, the court would hardly be expected, by a rule in regard to procedure, to deprive itself of power conferred by the statute to give relief from accidents, and to permit the correction of mistakes. Whether it would have constitutional authority to do so, in a matter relating to the right of trial by jury, is a question which we need not now consider. Under this statute, the rule of the court at that time being expressed in language different from the present rule, this court said, in *Bailey* v. *Joy*, 132 Mass. 356, that it was within the discretion of the court after the expiration of ten days to refuse a motion for a trial by jury, and plainly implied that it was within the power of the court to allow it. The case of *Cleverly* v. *O'Connell*, 156 Mass. 88, arose when Rule 22 of the Superior Court, of the edition of 1886, was in force, which ends with the words, " unless the court shall by special order restrict or extend the time." These words are certainly as favorable to the defendant's contention as those of the present rule. In that case Chief Justice Field said in the opinion, "After the time provided for filing such a notice by the general rule of the court has elapsed, it is in the discretion of the court . . . to grant or deny to any party the right to file the notice required by the statute."

This language was not necessary to the decision, and may be regarded as a dictum. But the case of *Haynes* v. *Saunders*, 11 Cush. 537, is a direct adjudication, involving the meaning of the word " extend " in a statute, which in this particular is almost identical with the rule of court before us. It was held that the court had power to allow the filing of an affidavit of merits upon a motion made after the expiration of the prescribed time, the statute giving express authority to extend the time.

The statute in regard to the filing of exceptions and giving of notice to counsel, R. L. c. 173, § 106, is materially different. Its

intended effect is that, on the expiration of the prescribed time, the parties shall know definitely whether the decision excepted to stands, or whether it is subject to revision by a higher court. *Barstow* v. *Marsh*, 4 Gray, 165. *Commonwealth* v. *Greenlaw*, 119 Mass. 208. *Conway* v. *Callahan*, 121 Mass. 165. *Purcell* v. *Boston, Halifax, & Prince Edward Island Steamship Line*, 151 Mass. 158. We are of opinion that it was within the discretion of the court to make the order permitting a trial by jury.

The exceptions taken at the trial present, first, a question of evidence. The plaintiff was injured by having her fingers caught in the gearing of a fly frame, a kind of spinning machine in the defendant's cotton mill. This gearing was uncovered. One Rice, a witness called by the defendant, testified that he had been an overseer of carding in the defendant's mills for nineteen years. This question was put to him by the defendant: " I will ask you, Mr. Rice, if you know, what the fact is about gears of this kind in different mills being operated without these covers." On objection of the plaintiff, and subject to the defendant's exception, the witness was not permitted to answer.

On the question whether the use of a particular machine or appliance by a defendant is negligent, a jury may properly consider all facts that throw light upon it. The possibility and the ease or difficulty of procuring something different which is safer and better are important facts bearing upon it. That something safer has been invented and is in common use is ordinarily a fact of considerable significance. Evidence of this kind is often received in such cases. *Wheeler* v. *Wason Manuf. Co.* 135 Mass. 294. *Myers* v. *Hudson Iron Co.* 150 Mass. 125. *Veginan* v. *Morse*, 160 Mass. 143. *McCarthy* v. *Boston Duck Co.* 165 Mass. 165. *McMahon* v. *McHale*, 174 Mass. 320, 325. On the other hand, there is danger that the introduction of such evidence will lead to collateral inquiries which will becloud the main issue. For this reason much is properly left to the discretion of the presiding judge in determining when it is best to receive such evidence. *Veginan* v. *Morse, ubi supra. McCarthy* v. *Boston Duck Co.* 165 Mass. 165, 169. *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544, 546. Especially is this so if the question relates to the methods of particular persons or in particular places. *McCarthy* v. *Boston Duck Co. ubi supra.* It is also to be noted

that the methods adopted by certain persons or in certain places, or even the common usage of a small class of persons engaged in a particular business, is not to be made a standard by which the defendant's conduct is to be judged in reference to care. *Veginan* v. *Morse*, 160 Mass. 143, 148. *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544, 546. In *Hill* v. *Winsor*, 118 Mass. 251, 259, Mr. Justice Colt said in the opinion, " There is no rule of law which exempts one from the consequences of his negligent conduct upon proof that he proceeded in the usual manner and took the usual course pursued by parties similarly situated, although he was without notice that he could not safely do so. The defendants cannot protect themselves by proving the careless practices of others," etc. It is conceivable that the persons engaged in a certain business, comprising but a small class working in a narrow range, may have adopted generally a method which ordinary persons, of different callings and with a broader view, would generally condemn as careless. Such a method is not the standard by which one is to be judged, although, if it can easily be proved, it is competent evidence for a jury in some kinds of cases on the question whether he exercised due care.

In actions against towns for accidents upon highways, and in other similar cases, such evidence is excluded, chiefly because it relates to methods of dealing with external conditions which differ greatly in different cases, and which cannot be understood without opening unprofitable collateral inquiries. Perhaps another reason for its exclusion in the early cases was that, under the law prior to the St. 1877, c. 234, the liability of cities and towns depended upon a failure to maintain the way at a required standard of safety, rather than upon a failure to use reasonable care and diligence. *Hinckley* v. *Barnstable*, 109 Mass. 126. *Bailey* v. *New Haven & Northampton Co.* 107 Mass. 496. *Craven* v. *Mayers*, 165 Mass. 271. In the present case it appeared as an undisputed fact that upon different machines this gearing was sometimes covered and sometimes uncovered, and that the defendant had other machines of the same kind on which it was covered. So far as appears, an answer to the question would have added nothing to the facts which were not in controversy. At all events, there is nothing to show that the knowledge of the witness extended further than his observation of the practice in

certain particular mills, and the ruling falls within the decision in *McCarthy* v. *Boston Duck Co.* 165 Mass. 165, 169, and other similar cases, in which the exclusion of such questions was held to be within the discretion of the presiding judge.

There was evidence that the defendant was negligent in failing to give the plaintiff sufficient instructions and in giving her misleading instructions. The plaintiff was a girl fourteen years of age, who had just begun to work in the defendant's mill as a bobbin girl. She had never before worked outside of her home, and she had no knowledge of machinery. She worked three weeks upon a machine, and it had been a part of her duty to clean the machine. The gearing on this machine was covered. She was then taken to another room and put to work under another girl, upon a machine like the first, except that the part of the gearing by which she was injured was left uncovered. There was evidence that she was told to clean this machine, without being given any instructions or warning as to this part of the gearing. After she had worked upon it three days, the accident happened. The evidence tended to show that it was not safe to clean this part of the gearing on this machine when it was in motion, and that the girl in charge of it, under whom the plaintiff was working, had been accustomed to stop the machine and clean this part herself. The plaintiff's testimony tended to show that, under the directions given her, she supposed and was warranted in supposing that it was her duty to clean this gearing as well as other parts of the machine while it was in motion. The judge rightly declined to rule that there was no evidence to warrant a verdict for the plaintiff. The other requests for instructions, so far as they correctly state propositions of law, were sufficiently covered by the charge.

*Exceptions overruled.*