ARTHUR W. WHITNEY *vs.* HUNT-SPILLER MANUFACTURING
CORPORATION.

Suffolk.    March 11, 20, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Practice, Civil,* New trial. *Rules of Court. Words,* "Extend."

Under Rule 41 of the Superior Court the time for filing or giving notice of a motion
for a new trial "may be extended" by the judge who presided at the trial,
although the motion for such extension was made after the expiration of the
three days after the verdict within which the rule requires that a motion for
a new trial shall be filed.

The word "extend" when used in rules of court and statutes in relation to periods
of time has been interpreted not to imply the existence of an unexpired portion
of the period.

TORT for personal injuries.   Writ dated December 18, 1912.
At the trial in the Superior Court before *Stevens,* J., the jury
returned a verdict for the plaintiff in the sum of $4,000 on Oc-
tober 31, 1913.   On the same day a motion for a new trial was filed
by the defendant, but no notice or copy of the motion was given
to the plaintiff or the plaintiff's counsel within three days after
the return of the verdict as required by Rule 41 of the Superior
Court.   On November 8, 1913, the defendant asked the judge for
further time within which to give the plaintiff's counsel a copy of
the motion for a new trial.   This motion was granted, and the
plaintiff excepted.   A copy of the defendant's motion for a new
trial then was given to the plaintiff's counsel.   On November
13, 1913, the plaintiff filed a motion to dismiss the motion for a
new trial.   There was a hearing on the defendant's motion for a
new trial and on the plaintiff's motion to dismiss, and the plain-
tiff asked the judge to make the following rulings:

"The court has no power to grant further time for the giving
of a copy of motion for new trial to the opposing counsel after
three days after expiration from the date on which the verdict
was returned.

"The power of the court to grant further time within which
counsel filing a motion for new trial may deliver a copy of it to

opposing counsel must be exercised by the court before three days have expired after the date on which the verdict was returned."

The judge refused to make these rulings. He denied the plaintiff's motion to dismiss, and upon the defendant's motion for a new trial made the following order: "Motion allowed and new trial granted unless the plaintiff elects within ten days to remit all damages above $2,000, the new trial to be limited to the amount of damages. This motion is allowed because the damages were grossly excessive, chiefly consisting of an injury to the right index finger."

The plaintiff excepted to the refusal of the rulings requested by him, to the denial of his motion to dismiss and to the order on the defendant's motion for a new trial, and the judge reported the case for determination by this court.

Rule 41 of the Superior Court is as follows: "No motion for a new trial shall be sustained in a civil action after verdict, either on account of any opinions or decisions of the judge, given in the course of the trial, or because the verdict is alleged to be against evidence or the weight of evidence, unless within three days after the verdict is returned, the counsel of the party complaining of the proceedings or of the verdict shall file a motion for a new trial, specifying the grounds of his complaint, and cause a copy of the motion to be delivered to the adverse counsel on the day the same is filed or within such further time as the court may allow. For cause the time for filing such motion may be extended by the court."

*F. R. Mullin,* (*P. F. Spain* with him,) for the plaintiff.

*J. Lowell,* (*R. W. Hall* with him,) for the defendant.

RUGG, C. J.    The only question presented by this record is whether a judge of the Superior Court has power to extend the time within which a motion to set aside a verdict and to grant a new trial may be filed, when no such motion has been filed within three days after the return of the verdict. Rule 41 of the Superior Court provides that "no motion for a new trial shall be sustained in a civil action after verdict . . . [in enumerated cases] . . . unless within three days after the verdict is returned" a motion therefor is filed. "For cause the time for filing such motion may be extended by the court." This question must be answered in the affirmative on the authority of *Dolan* v. *Boott Cotton Mills,*

185 Mass. 576. That case decided that Rule 18 of the Superior Court, as it then was, (now Rule 16,) which provided that "The notice that a party desires a trial by jury shall be filed not later than ten days after the time allowed for filing the answer . . . unless the court by special order shall extend the time" meant that the court had discretionary power to make an order permitting a trial by jury after the expiration of the ten days, even although no application for it had been filed within that time. The words of these two rules are almost identical, the decisive one, "extend," being the same. As pointed out in *Dolan* v. *Boott Cotton Mills,* the word "extend" in similar rules or statutes has been interpreted not to imply the existence of an unexpired portion of the period. *Cleverly* v. *O'Connell,* 156 Mass. 88. *Haynes* v. *Saunders,* 11 Cush. 537. The present rule is dealing with the exercise of a right inherent in the right of trial by jury secured by the constitution. *Opinion of the Justices,* 207 Mass. 606.

It hardly is to be expected that the court would deprive itself absolutely of the power to set aside a verdict which its sound judicial discretion should pronounce so unjust that it ought not to be permitted to stand. The reason why "extend" should be given a meaning sufficiently broad to permit the exercise of the power after the expiration of the period limited are quite as strong in the case at bar as in any of the decisions cited. As is pointed out in *Hack* v. *Nason,* 190 Mass. 346, the rule respecting the allowance of additional time for filing exceptions is different and not inconsistent with that here followed, for in that case the motion must be presented within the initial period allowed.

*Order allowing motion for new trial to stand.*