BARNARD MANUFACTURING COMPANY *vs.* EUGEN C. ANDRES COMPANY.

Bristol.   November 13, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Rules of court.

A judge of the Superior Court, upon the presentation to him for allowance of a bill of exceptions, attached to it a certificate, with a redraft of the bill made by him, stating that the original bill should be disallowed unless the excepting party on or before a certain date should file a motion to amend his bill so that it should read as stated in the redraft made by the judge, in which event the bill so amended should be allowed if the judge had power to do so. The excepting party filed a motion to amend as suggested but added to the motion a statement that, by reason of the decision in *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, he desired to "reserve" his "objection to the form taken by the exceptions" wherein, in a certain paragraph, the evidence and colloquies were set out as in the court stenographer's notes. *Held,* that the motion with the "reservation" was not unqualified and did not conform to the order of the judge as to an amendment of the bill of exceptions.

At a time when Rule 54 of the Superior Court (1915) was in force, the time for the allowance of a bill of exceptions had been extended to August 1. Previous to July 26 there was a hearing on the bill and on that day the judge attached to the original bill a certificate including a redraft of the original bill made by him and an order that the original bill should be disallowed unless the excepting party should, on or before August 1, file a motion to amend that bill so that it should read in accordance with the redraft made by the judge, in which event

the motion to amend should be granted and the bill as amended be allowed provided the judge had power to do so. On July 31, the excepting party filed such a motion to amend and on August 5 that motion was allowed and the judge indorsed upon the amended bill a statement that it was allowed "provided and in so far as I have the power to do so." *Held,* that there was no allowance of a bill of exceptions in any form on August 1, nor any extension of time for allowance; and therefore that the exceptions must be dismissed.

CONTRACT for an alleged breach of an agreement to sell to the plaintiff one hundred bales of cotton of a certain grade. Writ dated July 25, 1917.

In the Superior Court the action was tried before *Hammond,* J. At the trial the plaintiff saved exceptions to certain instructions given to the jury. The jury found for the plaintiff in the sum of $30.47.

The proceedings with regard to presentation by the plaintiff of his exceptions and the ruling of the judge thereon are described in the opinion. The reservation of objection attached to the plaintiff's motion to amend its bill of exceptions on July 31 was as follows: "In view of the statements of the Supreme Judicial Court in the case of *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, the plaintiff in amending its exceptions to conform to the order of the court, desires to reserve its objection to the form taken by the exceptions in paragraph '13' wherein upwards of eighteen pages of the evidence and colloquies are in question and answer or in duplicate of the stenographic notes, and desires permission of the court to reduce the same to narrative form."

The memorandum of the judge accompanying his allowance of the amendment of the bill of exceptions was as follows: "The questions involved in this case, depending, as I conceive that they do, upon the precise course which the trial took, are in my opinion best presented by a form of bill setting forth certain parts of the evidence and proceedings verbatim even though this may result in stating part of the testimony in question and answer form.

"The statement attached to the motion is informal and irrelevant and is so treated in acting upon the motion. The plaintiff may not ask leave to amend his bill into the form suggested and at the same time object to such form and reserve the right to change it."

To the action of the judge, described in the opinion, as to the

allowance of the plaintiff's exceptions, the defendant alleged exceptions.

Rule 54 of the Superior Court (1915) is as follows:

"In all causes in which bills of exceptions have been filed and remained without action thereon for three months, the clerk shall forthwith notify the parties interested and the justice who tried the case that unless within thirty days thereafter, or within such further time as the justice may for cause allow, the bill of exceptions is presented to the presiding justice for allowance and is by him allowed, it will be dismissed and judgment will be entered as though no exceptions had been filed.

"If within such time the bill of exceptions is not allowed the exceptions shall be dismissed as of course and judgment be entered as though no bill of exceptions had been filed."

The case was submitted on briefs.

*A. S. Phillips,* for the plaintiff.

*W. H. Garland & A. Garceau,* for the defendant.

RUGG, C. J. The defendant's exceptions relate to the allowance of the plaintiff's exceptions. The pertinent facts in that connection are these: On October 11, 1918, the plaintiff filed a bill of exceptions. On January 27, 1919, notice was sent in accordance with Rule 54 of the Superior Court (1915). Time for allowance of the exceptions was extended from time to time, the last extension expiring on August 1, 1919. In the meantime several hearings had been held respecting the allowance of these exceptions. At the last of these on June 7, after ineffectual efforts to agree upon the exceptions, the judge stated that he should disallow the original bill of exceptions. On July 26 the judge transmitted to the clerk a certificate upon the original bill of exceptions to which was attached a draft of a bill of exceptions prepared by him and which concluded with an order that the original bill of exceptions should be disallowed unless the plaintiff on or before August 1, 1919, should file a motion to amend its bill of exceptions so that the same should read as stated in the draft prepared by the judge; in that event the amended bill should be allowed provided he had the power to do so. It is stated in the defendant's bill of exceptions that "On July 31, 1919, the plaintiff filed its motion to amend its bill of exceptions so that the same should read as stated in the form accompanying the cer-

tificate of July 26, 1919; and on August 5, 1919, without further hearing the parties, the justice made an order upon said motion that the plaintiff's bill of exceptions originally filed might be amended so as to stand in the form attached to the certificate accompanying said original bill of exceptions. A memorandum was filed with this order. On the same day, August 5, 1919, the following certificate was made accompanying the plaintiff's bill of exceptions as thus amended: 'The plaintiff's bill of exceptions, as amended in accordance with the order of this date, I allow, provided and in so far as I have the power to do so.'" An examination of the record on the plaintiff's bill of exceptions shows that the plaintiff although filing a motion to amend its bill of exceptions to conform to the draft prepared by the judge, attached to that motion a reservation of objection to the form of the exceptions. The so called "memorandum" filed by the judge respecting that motion contained the ruling touching the reservation of objection that it "is informal and irrelevant and is so treated in acting upon the motion. The plaintiff may not ask leave to amend his bill into the form suggested and at the same time object to such form and reserve the right to change it."

It would be enough to say that the plaintiff's motion to amend its exceptions was not unqualified because of the reservation attached thereto. Under the certificate of the judge permitting the plaintiff to amend its exceptions according to the form prepared by him, the plaintiff was obliged either to accept or reject that permission unqualifiedly. The attempted acceptance of it with reservations of the nature here stated was in effect a rejection of the permission.

But upon more fundamental grounds the plaintiff's exceptions were not allowed in accordance with law. The time for the allowance of the exceptions had been extended only until August 1, 1919. Manifestly the certificate of the judge under date of July 26 was not an allowance of the draft prepared by him. That draft was a mere suggestion and so far as concerned the plaintiff a nullity until accepted by it. This plainly was realized by the judge. He did not attempt by his certificate to do more than foreshadow what he would do in the event that the condition there stated was complied with by the plaintiff. See *Loonie* v. *Wilson,* 233 Mass. 420, 423. The plaintiff's acceptance filed on July 31

of the draft of exceptions prepared by the judge was not acted upon by the judge until August 5, when he entered an order allowing the plaintiff's motion to amend the bill of exceptions so as to conform to the draft and then indorsed his certificate of allowance upon it. But the time within which he could allow the exceptions under Rule 54 had expired on August 1. His jurisdiction to allow the exceptions therefore was gone, and he had no power to allow them. *Frank, petitioner,* 213 Mass. 194. The order of August 5 allowing the plaintiff's motion to amend its bill of exceptions and indorsing upon it an allowance cannot be construed as an allowance of further time within which to allow exceptions. An order for such allowance must be made before time theretofore allowed has expired. *Hack* v. *Nason,* 190 Mass. 346. The purpose of the rule pursuant to R. L. c. 173, § 106, as amended, St. 1911, c. 212, is that on the expiration of the prescribed time the parties shall know definitely whether the decision excepted to stands or whether it is subject to revision by a higher court. *Dolan* v. *Boott Cotton Mills,* 185 Mass. 576, 579.

The case on this point is distinguishable from *Whitney* v. *Hunt-Spiller Manuf. Co.* 218 Mass. 318, for reasons there pointed out. See *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136, 139. Whatever harshness there may appear to be in this respect is mitigated by the power of the judge to report in appropriate cases. *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558.

*Defendant's exceptions sustained.*
*Plaintiff's exceptions dismissed.*