### R. Gascoigne Brown *vs.* Louis Grow.

Norfolk.    March 10, 11, 1924. — June 12, 1924.

Present: Rugg, C.J., Braley, DeCourcy, Crosby, & Carroll, JJ.

*Practice, Civil,* Report, Rule 54 of the Superior Court (1923). *Rules of Court. Contract,* In writing, Validity. *Release.*

After the return in an action of law of a verdict for the defendant by order of court, an entry on December 19 was made on the docket, " To be reported." No draft report was presented until the following April 28, when the defendant objected to a report of the case. The judge overruled the objection and, in the exercise of his discretion and " in order to see that justice may be done, and in accordance with the stipulation of the parties made in open court at the time of the trial, and before final judgment had been entered on the docket," reported the case to this court by a report filed on the following December 18. *Held,* that

(1) The action of the court could not be construed as a special order allowing further time for filing the report;

(2) Rule 54 of the Superior Court (1923) did not deprive the judge of the power to make a report within a reasonable time if justice required it, even though there had been no compliance with the rule;

(3) No unreasonable delay was apparent on the record;

(4) The action was properly before this court upon the report.

The owner of an automobile sold it to a purchaser and conveyed it by a bill of sale which contained the provision, " it being agreed by both parties hereto that this contract embodies all the terms and conditions of sale," and also a provision, " title will not pass to purchaser until payment in full has been made." At the same time and as part of the same transaction, the purchaser signed an instrument purporting to be a " lease " of the automobile to him upon conditional sale and containing the following provision: " Said car is leased as is and no reference, representation, contract, agreement, promise, undertaking or understanding whatsoever not contained herein shall be binding upon the lessor, or in any way affect the validity of this contract or form any part thereof, but all statements made have been merged and set forth herein." Also, as part of the same transaction, the seller agreed in writing to repurchase the automobile from the purchaser within three months at a stipulated price if it then was as good mechanically as when purchased and had not been abused. *Held*, that

(1) The quoted clause in the bill of sale and the contract of conditional sale did not make the agreement for repurchase, made as part of the same transaction, of no effect;

(2) Oral evidence was not needed to prove that the consideration of the agreement for repurchase was the execution of the other two instruments;

(3) It would be a breach of good faith to rely upon the first two instruments and attempt to repudiate the agreement for repurchase.

One, who had purchased an automobile upon an agreement in writing by the seller to repurchase it from him on certain conditions, made demand upon the seller according to the terms of the agreement and the seller refused to repurchase. At a conference between them, the seller prepared an authorization in writing by the buyer to allow him to sell the automobile to a third party. The buyer read the authorization, placed it upon the table and temporarily left the room. On his return a few minutes later, he signed the instrument without rereading it. The seller then told him to read it, when he discovered that there had been inserted the following phrase: " This agreement being a discharge of all claims to date and which may arise hereafter against " the seller. The buyer then in anger threw the instrument upon the table, said that he had been tricked and that the release was no good anyway as there was no consideration for it. The seller took the instrument up and kept it. The buyer left the car at the seller's place of business in the hope that the seller had a purchaser and that the car might be sold. The car was not sold and, after giving reasonable opportunity, the buyer removed it and brought an action against the seller upon the agreement to repurchase. *Held*, that

(1) It might well have been found that there was no delivery of the instrument of release;

(2) The release might have been found to have been without consideration;

(3) The fact that the buyer, when he signed the instrument of release, was willing to accept for the automobile less than the amount due him under the agreement for repurchase was no bar to his maintenance of the action: it was no more than an offer of compromise.

CONTRACT for breach of an agreement in writing to repurchase an automobile originally sold to the plaintiff by the defendant, doing business under the name and style of United Motors of New England.   Writ dated September 9, 1921.

In the Superior Court, the action was tried before *Flynn,* J. The plaintiff in his opening statement offered to prove the following facts:

On April 15, 1920, the plaintiff and the defendant executed a contract of sale under seal of an automobile to the plaintiff which contained a provision, " title will not pass to purchaser until payment in full has been made.   If final payment is made by check title will not pass until check is paid."   On the same day the plaintiff executed an instrument in writing acknowledging the receipt from the defendant of the automobile and stating that he had paid to the defendant " as rent for the same " $500 and that he promised to pay him the sum of $2,000 on April 17, 1920.   This instrument contained also provisions quoted in the opinion.

The parties also on the same day signed the following instrument:

" Brookline, Mass., April 15, 1920.

" We, the United Motors of N. E., this day agree to Purchase one Biddle Car for the Price of $2,300. from R. G. Brown within 3 months from date providing car is in as good mechanical condition as when purchased from us and not abused."

The plaintiff also " offered to prove that the execution of the conditional bill of sale and the contract of sale by the plaintiff was a consideration for the execution of the agreement to repurchase the automobile by the defendant, and the execution of the agreement to repurchase by the defendant was part of the consideration for the plaintiff's execution of the conditional bill of sale and the contract of sale excepted."

The judge ruled such evidence to be inadmissible. After the plaintiff's opening, it was stipulated by the parties that the judge should order a verdict for the defendant on the facts offered to be proved and report the case to this court for determination. A verdict accordingly was ordered and the action was reported upon the agreement of the parties " that if upon the facts set out in this report and such evidence as should have been admitted upon the plaintiff's offer of proof, if any, the case should have been submitted to the jury, judgment for the plaintiff is to be entered in the sum of $1,100 with interest from December 19, 1920, and costs; otherwise judgment is to be entered for the defendant."

The circumstances of the filing of the report are described in the opinion.

*J. N. Welch,* (*F. J. DeVeau* with him,) for the plaintiff.

*J. C. Johnston,* (*E. S. Farmer* with him,) for the defendant.

RUGG, C.J. The defendant attacks the jurisdiction of this court to consider the case. The facts pertinent to the decision of that question are that, at the conclusion of the opening statement by plaintiff's counsel, a verdict was directed in favor of the defendant. Thereupon the docket entry " To be reported " was made. That was on December 19, 1922. No draft report was presented to the judge or filed in court until April 28, 1923, when the defendant objected to a report of the case. The judge overruled the objection and in the exercise of his discretion and " in order to see that justice may be done, and in accordance with the stipulation of the parties made in open court at the time of the trial, and before final judgment had been entered on the docket," reported the case by report filed on December 18, 1923. Rule 54 of the Superior Court (1923) provides: " Where a case is reserved for report, the counsel for the plaintiff or of the party at whose request it is reserved or reported shall file a draft report within twenty days thereafter, or within such further time as the court may by special order allow."

The action of the court cannot be construed as a special order allowing further time for filing the report. Such

order must be entered before the expiration of time previously limited. *Hack* v. *Nason*, 190 Mass. 346. *Whitney* v. *Hunt-Spiller Manuf. Corp.* 218 Mass. 318.

The establishment of this rule was within the power of the Superior Court. G. L. c. 213, § 3. A similar rule first was promulgated as Rule 55 of the Superior Court (1915). Its purpose doubtless was to prevent the determination or consent of the trial judge to exercise the power to report from becoming an instrument for unjust and unwarrantable delay. *Frank, petitioner*, 213 Mass. 194. It is not to be construed as a vain gesture in that direction. It is given substantial effect in appropriate cases. *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298. This rule, however, does not tie the hands of the court so as to prevent the doing of justice. There is power under G. L. c. 231, § 111, apart from the rule to report cases without limit as to time, provided within reason. The meaning of the rule is to put a definite duty upon the parties. Where there has been failure to comply with the terms of the rule, the judge may refuse to report a case. But where justice requires, the judge has power to make a report within a reasonable time, even though there has been no compliance with the rule. In view of the broad language of G. L. c. 231, § 111, it cannot be assumed that it was intended by the rule to fix an inflexible time limit to the exclusion of a review by this court justly required. All this was settled by *Leland* v. *Order of United Commercial Travelers of America*, 233 Mass. 558, 560, 561. It has been followed without discussion in numerous cases. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, 152. *Sasserno* v. *Sasserno*, 240 Mass. 583. *Jordan Marsh Co.* v. *Cohen*, 242 Mass. 245, 250. *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460, 463. There is nothing inconsistent with this in *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298, where there had been unconscionable delay, or in *Walsh* v. *Adams*, 245 Mass. 1, 4, where no question was raised touching the rule and no reference made to it. It does not appear that there has been unreasonable delay. The judge has expressly stated in his report that the ends of justice require a report, not-

withstanding the rule. The record confirms that finding. The case at bar is properly before us.

This is an action to recover damages for breach of an alleged contract to repurchase an automobile bought by the plaintiff of the defendant. On April 15, 1920, the parties executed a contract of sale, the plaintiff executed a conditional bill of sale, and both parties executed an agreement for the repurchase, of the automobile, all three instruments being part of the same transaction and executed simultaneously. In the contract of sale was the clause, " it being agreed by both parties hereto that this contract embodies all the terms and conditions of sale." The conditional bill of sale contained this paragraph: " Said car is leased as is and no reference, representation, contract, agreement, promise, undertaking or understanding whatsoever not contained herein shall be binding upon the lessor, or in any way affect the validity of this contract or form any part thereof, but all statements made have been merged and set forth herein." The defendant contends that by reason of these clauses the contract of repurchase is of no force or effect. He relies on the principle that when in a written contract is a stipulation that the contract recites all the inducements to its execution, that no representation not embodied therein shall be binding and no agent has power to modify or waive any of its terms, evidence extraneous and contradictory to its terms is not admissible. *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170. *O'Meara* v. *Smyth,* 243 Mass. 188. *Cannon* v. *Burrell,* 193 Mass. 534. *Eastern Advertising Co.* v. *E. L. Patch Co.* 235 Mass. 580. *International Text Book Co.* v. *Martin,* 221 Mass. 1, 7. That principle rests upon the policy of the law that contracts in writing freely made by intelligent and competent persons ought to stand and be enforced. That principle has no relevancy to the facts here disclosed. The agreement for repurchase of the automobile was as binding on the parties as any one of the other instruments signed by them concerning the automobile. It was expressed by an instrument of the same dignity and validity as the others. All three instruments being executed at the same time, and as one transaction, were supported by the same considera-

tion. The excluded oral evidence to the effect that the consideration of the agreement of repurchase was the execution of the other two instruments was not needed to show a consideration in view of the facts stated in the report. It would be a breach of good faith to rely upon one and attempt to repudiate the other. To sustain such a proposition would violate fundamental instincts of fair dealing and underlying ethical rules of right and wrong. The law does not sanction any such position.

The plaintiff having complied with the conditions of the agreement, made demand upon the defendant to repurchase the automobile according to its terms. The defendant refused to repurchase. He told the plaintiff that he thought he could sell the automobile and thus end the controversy between them. The plaintiff consented. The defendant prepared an authorization, allowing him to sell the automobile, and handed it to the plaintiff who read it, placed it upon the table and left the room to consult a friend. On his return a few minutes later he signed the instrument without rereading it. The defendant then told him to read it and on doing so he found that after his first reading there had been inserted, " This agreement being a discharge of all claims to date and which may arise hereafter against " the defendant. " On discovering that the words of release had been inserted, the plaintiff in anger threw the instrument on the table, said he had been tricked and that the release was no good anyway as there was no consideration for it. The defendant picked the instrument up from the table and kept it. The plaintiff who had brought the car in question with him to the defendant's place of business, where the conversation took place, left the car there in the hope that the defendant had a purchaser and that the car might be sold and that the difficulties between him and the defendant might thus be ended. The car was not sold and after giving reasonable opportunity to sell the car the plaintiff removed the car and brought this action."

The circumstances here disclosed were enough to warrant a finding that the insertion of the release clause in the authorization, after the plaintiff had read it as a complete instru-

ment but before he signed it, was an imposition and fraud practised by the defendant. This is not the case of one signing a written instrument without reading it. It is a case where one reads the instrument, has his attention diverted and in the meantime surreptitiously an important clause is added by the defendant who allows the plaintiff to sign it without telling him.

It might well have been found that there was no delivery of the instrument. The facts afford ample ground for the inference that the defendant had no right to take the instrument and assert rights under it, in the light of his connection with it and of the way in which it had been left by the plaintiff. The mere fact that the defendant called the plaintiff's attention to the inserted clause of release after the latter had signed, does not necessarily impart validity to the instrument in view of what was said and done by the plaintiff. It was a question of fact whether the plaintiff made delivery of the instrument as changed.

The release was or might have been found to be without consideration. It appears to have been a simple gratuity. Nothing of value passed from the defendant to the plaintiff. It does not appear that the defendant bound himself to do anything. *Rowland* v. *Hackel*, 243 Mass. 160. *McCarthy* v. *Simon*, 247 Mass. 514.

The fact that the defendant was willing then to accept for the automobile less than the amount due him under the agreement for repurchase is no bar to his maintenance of this action. It was no more than an offer of compromise.

The case should have been submitted to the jury. In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $1,100 with interest from December 19, 1920, and costs.

*So ordered.*