THE BOSTON MORRIS PLAN COMPANY *vs.* MARY BARRETT
& others.

Suffolk. March 5, 1930. — September 11, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Admission of material facts and documents, Notice. *Notice. Words,* "Served by copy."

G. L. c. 231, § 69, in the amended form appearing in St. 1926, c. 381, § 1, required that a copy of a notice to admit material facts and documents filed by a party be served upon the opposite party or his attorney by an officer qualified to serve civil process; service of such copy by mailing it to the other party or his attorney was not a compliance with the statute.*

The time for filing an answer to a notice, under G. L. c. 231, § 69, as amended by St. 1926, c. 381, § 1, to admit material facts or documents, may be extended by a judge upon motion filed after the expiration of ten days from the time of the filing of the notice.

It *was stated* that the time fixed in said statute for filing an answer to such a notice must be followed save in exceptional instances where the party petitioning for an extension of that time appears to be free from fault.

There is no incompatibility between G. L. c. 231, § 29, and § 69, as amended by St. 1926, c. 381, § 1; and a party to an action at law or suit in equity who has filed a pleading denying his signature to an instrument in writing declared on by the other party and demanding proof thereof may be called upon to admit his execution of such instrument by a notice filed by the other party under said § 69, as so amended.

---

*See St. 1931, c. 83, enacted since this decision was made. REPORTER.

CONTRACT upon a promissory note. Writ in the Municipal Court of the City of Boston dated September 27, 1928.

The pleadings, and proceedings with reference to the plaintiff's notice to the defendants to admit facts under St. 1926, c. 381, § 1, are described in the opinion. The defendant Taylor was permitted to amend his answer by adding a demand for proof of his signature to the note. The action thereafter was tried on the merits. The trial judge found for the defendants and reported the action to the Appellate Division. The report was ordered dismissed and the plaintiff appealed.

*N. Golden*, for the plaintiff.

*T. F. Collins*, for the defendant James Handlin, submitted a brief.

RUGG, C.J. This action of contract is against three persons alleged to be makers of a promissory note. The defendant Handlin filed an answer setting out general denial and denial of the genuineness of his signature and demand that it be proved at the trial. The defendant Taylor answered by general denial and denial of his signature without demand of proof of its genuineness at the trial. G. L. c. 231, § 29. The plaintiff filed the original note in the clerk's office and written notices of call upon the defendant Handlin and the defendant Taylor to admit the execution of the note in accordance with G. L. c. 231, § 69, as amended by St. 1926, c. 381, § 1, together with affidavit that copy of the notice had been mailed to each defendant. Neither defendant made an answer within the ten days specified in said § 69 as amended. Thereafter by leave of court each defendant was allowed to file an answer to the notice, the time therefor not having been extended before the expiration of the initial ten days. Finding was made in favor of Handlin and of Taylor after trial on the merits. The decisive question for decision is whether the trial judge could as matter of law allow the defendants to file answer to the call in these circumstances.

The relevant words of said § 69 as amended by said c. 381, § 1, are: "In any action at law . . . a party by written notice filed in the clerk's office and served by copy

on the other party or his attorney, not less than ten days before the trial . . . may call upon the other party to admit . . . any material fact or facts or the execution of any material paper or document which he intends to use at the trial. . . . If no answer is filed in the clerk's office within ten days after the filing therein of said notice or within such further time as the court may on motion allow, the truth of the fact or facts or the execution of the paper or document shall, for the purposes of the case, be held to be admitted." The method of delivering copy of the written notice is described in the statute only by the words that it must be "served by copy." These words respecting proceedings in court commonly mean the kind of service employed in legal process, that is, service by an officer authorized to make service of civil process. This meaning is emphasized by other provisions of the practice act. There are sections of G. L. c. 231, some providing simply for "notice," § 74, or that notice to the adversary party be "sent," § 63 as amended by St. 1922, c. 314, or "given," § 113, or "served by registered mail," § 60A inserted by St. 1929, c. 173, § 1, and others that notice be given as provided by rule or order of court, §§ 40, 41, 59, 127. Such notices often are delivered by mail. The statutory language is significantly different in § 69 as amended. To give notice or to send notice or to give notice in such way as the court may establish by rule or direct by order is essentially different from a statutory mandate that copy of a notice be "served." If it had been the legislative purpose to permit service of such notice merely by mail, it would have been easy to express that purpose. Compare St. 1929, c. 173, § 1.

It also is provided by said § 69 that the time for filing answer to the matters set forth in the notice shall be within ten days after the filing of the notice or "within such further time as the court may on motion allow." This provision doubtless was designed to discourage frivolous defences or matters interposed in the pleadings chiefly for delay, and to expedite the conclusion of litigation. It is somewhat drastic in the results thereby visited upon a party who fails

to answer. It is easy to imagine cases where by reason of absence, sickness or temporary inaccessibility of party, attorney or judge ten days might pass without answer and without want of prompt attention by a party, and without opportunity to file motion to extend the time and secure allowance of the same. Wide powers have been vested in courts to grant amendments of form or substance to process, pleadings or proceedings in order to enable justice to be done. See *Pizer* v. *Hunt*, 253 Mass. 321, for review of statutes and decisions. We think that it can hardly have been intended to establish the inflexible rule that a court could not do what justice requires as to time in exceptional instances under § 69. Although its words are somewhat similar to those in G. L. c. 231, § 113, as to time of filing exceptions, yet the end to be accomplished by the two sections does not require the same construction. We are of opinion that the rule laid down in *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, and *Whitney* v. *Hunt-Spiller Mfg. Co.* 218 Mass. 318, to the effect that the time may be extended by the court in cases where justice requires after the expiration of the initial ten days is applicable. The rule of *Hack* v. *Nason*, 190 Mass. 346, and cases cited, and of *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, as to extension of time for filing exceptions does not govern the case at bar. Of course the time fixed in the statute must be followed save in exceptional instances where the petitioning party appears to be free from fault. There is nothing to show that the action of the trial judge was not warranted in the case at bar.

There is nothing in said § 69 as amended to indicate that it is not applicable to cases wherein a party has pleaded denying the genuineness of his signature to a written instrument declared on by his adversary and demanding proof of the same at the trial. G. L. c. 231, § 29. The opening words of § 69 are comprehensive and inclusive. They permit the filing of the notice in "any action at law." There is no incompatibility between § 69 and § 29. At a trial on the merits of an action where a party has pleaded under § 29, he might be called as a witness and be com-

pelled to testify as to the genuineness of his signature, although it was denied in his pleading. Interrogatories might be propounded to him on this point.· There appears to be no reason why he cannot be compelled to answer by notice under § 69 or to abide the consequences of his failure so to answer, notwithstanding his pleading.

These interpretations of relevant sections of the statutes as applied to the case at bar show that the plaintiff has not been injuriously affected by the proceedings before the trial judge. G. L. c. 231, § 132. Since the plaintiff did not serve its notice on the defendants as required by § 69 as amended, it was not entitled to the benefits which would have accrued to it through the failure of the two defendants to answer to the notice. In any event it was wholly within the power of the trial judge to extend the time for the answers to the notice and to allow the amendment and to try the merits of the case. *Pizer* v. *Hunt, supra.* It is of no consequence whether the reason on which the trial court proceeded was sound; the result will be upheld when not tainted by any harmful error. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 512.

*Order dismissing reports affirmed.*