**BOVA et v ROSEMAN**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12132.  Decided April 25, 1932

Harry F. Payer, Cleveland, for plaintiff in error.

McKeehan, Merrick, Arter and Stewart, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

LEMERT, J.

The errors specifically complained of are:

First: The verdict and judgment are not only manifestly against the weight of the evidence but are totally unsupported by any evidence whatsoever.

Second: The court erred in submitting to the jury a question of law, to-wit: the construction of §1224, subsection D of the Municipal Code of Cleveland.

Third: The court erred in excluding the plaintiff's offered testimony regarding the general custom in the City of Cleveland to protect the open sides of tenement house stairways.

We have carefully examined the record of this case and on the contention made by counsel for plaintiff in error on the first ground mentioned, we find that said com-plaint is not well taken and that there is ample and sufficient evidence in the record to support the finding and judgment of the jury.

On the second claimed error, to-wit, that the court erred in submitting to the jury a question of law, to-wit, the construction of §1224, subsection D of the Municipal Code of the City of Cleveland, we find that the said ordinance was introduced in the court below by the plaintiff below over the objection and exception of the defendant below, and that §1224 was read to the jury as follows:

"Regulations of stairways in buildings of the third grade. Every flight of stairs in buildings of the third grade shall have a substantial handrail, and on the well side of such stairways there shall be substantial banisters."

The record also discloses that the plaintiff below, as shown in the record at page 163, requested the court before argument to give the following request to the jury, and said request was by the court given to the jury:

"Ladies and Gentlemen of the jury, you are further instructed that should you find from a preponderance of the evidence that the defendant violated the city ordinance by not providing substantial banisters on the well side of the stairway in question in these proceedings, then such violation constitutes negligence on the part of the defendant as a matter of law; and if you find from a preponderance of the evidence that such breach by the defendant of the ordinance in question directly and proximately caused the injuries to the plaintiff, then you will render a verdict against the defendant and for the plaintiff."

We note further in the record, pages 168 and 169, that the court in its general charge to the jury gave the following charge:

"The plaintiff claims that the defendant negligently violated certain ordinances of the City of Cleveland relative to the stairways in the building. These ordinances are set out in detail in the petition. They have been read to you and, as copies of the pleadings will go with you to the jury room, I will not read them again to you. The court says to you that if you find that the defendant violated the ordinances as set out in the plaintiff's petition and that that violation was the proximate cause of the plaintiff's injury, then, of course, the plain-

tiff would be entitled to recover against the defendant.

"If you find there was a violation of these ordinances that is negligence in and of itself. If you find in this case that the defendant violated the ordinances, as set out in the plaintiff's petition, and that such violation of the ordinances was the proximate cause of the plaintiff's injury, then of course the plaintiff would be entitled to recover, but, if the defendant did not violate the ordinances, and such violation was not the proximate cause of the plaintiff's injury, then, of course, the plaintiff can not recover."

The court in its general charge further stated: "Should you find that the defendant violated the city ordinance by not providing substantial banisters on the well side of the stairway in question, then such violation constitutes negligence on the part of the defendant as a matter of law."

The authorities submitted by the defendant in error in this case, while we believe them to be thoroughly sound, have no application in the instant case, as shown by the charge of the court in giving the special request and in its general charge. The trial judge did not permit the jury to determine whether the ordinances were in force or effect or what they meant. He plainly told the jury that if substantial banisters were not provided upon the well side of the stairway, such conduct constituted a violation of the ordinance. Whether the ordinance was violated was a matter of fact, and that question was submitted to the jury. The jury not only had a picture and architect's sketch and verbal descriptions of the stairway, but the record discloses that after the opening statements of counsel the jury was, upon motion of defendant, conducted to the premises where the stairway was seen by each member of the jury. We know that the verdict of the jury in this case was a general verdict for the defendant.

It may well be that the jury found that the banisters maintained by defendant were substantial, or that the plaintiff's injury was not proximately caused by the absence of substantial banisters, if such absence was found to be a fact. It is scarcely conceivable that the question of fact could have been more clearly submitted to the jury than it was, and especially so because the charge submitted by plaintiff was in writing and was with the jury during its deliberations.

As to error number three, that is, that the court erred in excluding the plaintiff's offered testimony regarding the general custom in the City of Cleveland to protect the open sides of tenement house stairways, we believe this question was fully decided and determined by the Court of Appeals of the Eighth Judicial District of Cuyahoga County, Ohio, in the case of Rothman v Asher, wherein in that case the following question was asked: "I will ask you what is the general custom in the City of Cleveland with regard to providing some form of protection, or in other words, what you call a balustrade on the well side of stairways, such as was described in that case." An objection having been made to this question and an offer of proof as to the answer of the question, the Court of Appeals held that this was not error.

We believe the reason why evidence of this character offered by plaintiff should be excluded is that in such matters which may be presumed to be within the common experience of all men of common education moving in the ordinary walks of life, it is deemed safer to take the judgment of unskilled jurors than the opinion of biased experts. It has been held in the case of Dolan v Boott Cotton Mills, 185 Mass. 576, 70 NE 1025, as follows:

"There is danger that the introduction of such evidence will lead to collateral inquiries which will becloud the main issues. For this reason, much is properly left to the discretion of the presiding judge in determining when it is best to receive such evidence."

In the instant case no doubt the trial court felt after hearing the evidence and being familiar with the surrounding circumstances and conditions that the evidence offered by the plaintiff would not be helpful to the jury in reaching a final conclusion with respect to defendant's negligence, if any. In the exercise of this discretion we believe that his judgment should not be displaced and especially so when to do so would open very dangerous doors in the trial of other similar cases.

Finding no error in this record, the judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.