## KRINOG v. FEDERICI et al.

### No. 10838.

United States Court of Appeals
Third Circuit.

Argued Feb. 16, 1953.

Decided April 8, 1953.

Leon H. Kline, Philadelphia, Pa. (David Berger, Philadelphia, Pa., Samuel P. Orlando, Camden, N. J., on the brief), for appellant.

John M. Pillsbury, Atlantic Highlands, N. J. (Roberts, Pillsbury, Carton & Sorenson, Atlantic Highlands, N. J., on the brief), for respondent.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Herbert A. Krinog, a guest in appellee's hotel, was burned to death in his room

during a fire which swept through the structure shortly before daybreak. In this action his administrator has sought damages from the hotel proprietor, charging his negligence as a responsible cause of death. A jury found for the defendant and this appeal has been taken from the consequent judgment.

The appellant claims that the district court erred in several rulings on the admissibility of evidence and in certain of its instructions to the jury. We are not satisfied that any of the instructions constituted reversible error. With reference to one of them, however, we think appellant is right in asking that on another trial, unless there should be new evidence tending to show contributory negligence by the decedent, care should be taken that the instruction given on the presumption that one has exercised reasonable care for his own safety not be minimized by any accompanying language which might cause the jury to believe that it would be justified here in regarding the presumption as rebutted. Whether there may be other particulars in which instructions can usefully be rephrased or supplemented on another trial we leave to the consideration of the district court if and when occasion arises.

On the other hand, one of the questioned rulings of the court on the admissibility of evidence was in our judgment erroneous and hurtful to the plaintiff to the extent that there must be a new trial. The ruling is properly viewed and considered in its trial setting.

The plaintiff made no effort to show that the defendant was negligent in causing the fire, but sought to show negligence in failing to give adequate warning after the fire had started. It appears that the hotel was a small, three-story, frame structure, the class of which is indicated by room rental rates of about $7 per week per person in June, 1951, when the fire occurred. Normally, and on the night of the fire, no desk clerk, watchman, or other attendant was on duty in the hotel during the hours preceding daybreak. There was no internal fire alarm system or mechanical means of sounding an alarm within the premises. The only telephone was a pay station on the first floor.

In these circumstances it was a permissible theory, and one which the plaintiff tried to substantiate by proof, that defendant was negligent in not having some automatic warning system designed to sound an alarm in case of fire without the intervention of any human agency. To this end counsel for plaintiff began a line of inquiry addressed to a witness, Razbold, a fire safety engineer, with these questions:

"Are you familiar now with the type of apparatus that was available in this area, particularly Freehold, New Jersey, and in and around here as to automatic fire alarm signals?"

"Do you know as a fact whether or not an individual on or about June 1, 1951 could have procured by purchase an automatic fire signal, fire alarm signal?"

Defense counsel objected to both questions and counsel for plaintiff explained:

"I am trying to show, may it please the Court, by this witness, that there was available on the market an inexpensive, effective fire apparatus."

The court replied:

"Well, it calls for all kinds of conclusions, counselor. I think you must argue the situation at an appropriate time and not through the witness."

Counsel then persisted on another tack attempting to get the witness to identify some literature or illustrations. The court interrupted:

"You proposed to ask the witness whether this isn't an effective fire alarm system and how much does it cost, or words to that effect."

and added:

"I will not permit this line of testimony * * * you will have to take for granted that the jury, that this jury are people of the world and they are aware of certain things in the exercise of what we have already termed common sense."

This line of questioning had been preceded by an unsuccessful attempt to obtain certain opinion testimony from the same witness. It may well be that the district court thought counsel was still attempting to get before the jury the opinion of the witness, in this instance that a careful proprietor would have installed an internal alarm system in a hotel. However, as we see it such was not the purpose or effect of the testimony tendered. What alarm systems were on the market, the generality of their use, how they worked, what they cost, whether they were on sale or display in the community or otherwise widely advertised and known to the hotel trade were all relevant facts to which the witness might have testified. These were not facts of such common knowledge that there was no need to prove them. We think in all the circumstances they would have supplied the jury with a factual basis for its own decision whether a reasonable man in the defendant's position would have known about these devices, would have believed them practical and economically feasible for his hotel, and whether such a device, if installed before the fire, would probably have provided the decedent with timely warning of the spreading fire. The admission of similar evidence in analogous cases on the theory here suggested is rather generally approved in appellate decisions. Edgarton v. H. P. Welch Co., 1947, 321 Mass. 603, 74 N.E.2d 674; Cameron Compress Co. v. Whitington, Tex.Com.App. 1926, 280 S.W. 527; cf. Hecht Co. v. Jacobsen, 1950, 86 U.S.App.D.C. 81, 180 F.2d 13; Brigham Young University v. Lillywhite, 10 Cir., 1941, 118 F.2d 836, 137 A.L.R. 598. The Supreme Judicial Court of Massachusetts has thus expressed the reasoning common to all cases of this kind [321 Mass. 603, 74 N.E.2d 678]:

"On the question whether the use of a particular machine or appliance by a defendant is negligent, a jury may properly consider all facts that throw light upon it. The possibility and the ease or difficulty of procuring something different which is safer and better are important facts bearing upon it. That something safer has been invented and is in common use is ordinarily a fact of considerable significance." See Dolan v. Boott Cotton Mills, 1904, 185 Mass. 576, 70 N.E. 1025.

We think just such a line of questioning was attempted and should have been permitted in this case.

The judgment will be vacated and the cause remanded for a new trial or other proceedings consistent with this opinion.