*Western District*

## HANDEL MATLEY, INC.

### v.

## JOHN C. SHEEHAN and YOLANDE C. SHEEHAN

Argued: Apr. 17, 1973 - Decided: Apr. 30, 1973

*Present:* Gould, Sloan, Cimini, JJ.

Case tried to *Dudley, J.* in the Fitchburg District Court, No. R-1307. Date of finding or decision appealed from: September 19, 1972.

**By the Court:** This action was commenced in the Middlesex Superior Court and remanded to the First District Court of Northern Middlesex, it was later consolidated in the Fitchburg District Court with a cross-action brought subsequently by the present defendants herein against the Corporate plaintiff and Handel Matley individually. The present appeal relates only to the instant case of *Handel Matley, Inc.* v. *Sheehan.* The issue involved concerns a "Notice To Admit Facts filed by the plaintiff on May 22, 1972. On June 7, 1972, more than ten days after the filing of the original Notice To Admit Facts, the defendants filed a motion to extend the time for answering the plaintiff's Notice To Admit Facts along with a copy of the "Response to Plaintiff's Demand and to Admit Facts" with signatures of the defendants therein. On the date of trial plaintiff filed certain requests for rulings with the Court on the status of the plaintiff's Notice To Admit Facts before proceeding further with trial on the merits, and this Appeal concerns itself with the determination of the correctness of the judge's action on these requests for rulings. Request for rulings were substantially as follows:

Request No. 1 sought a determination by the court, that because the opposing side nei-

ther answered nor denied the same within ten days from the date of mailing that the Notice To Admit Facts and the stated facts therein are therefore admitted and binding on the parties to whom the demand is directed.

Request No. 2 sought a ruling from the Judge that since the Judge purported to grant additional time to answer the plaintiff's Notice To Admit Facts on the defendants motion, and that since said motion was filed more than ten days beyond the filing of the Notice To Admit Facts, that it was error of law for the Court not to make a finding for the plaintiff on the pleadings.

Request No. 3 sought a ruling from the Court that since the ten days had elapsed and the defendants had not complied with the terms of Chapter 231, Section 69, all of the facts and documents of which were called for are taken as admitted for the purposes of trial and such admission is binding on the defendants.

The trial court, in fact, did allow the defendants' motion to extend the time to answer the Notice To Admit Facts and denied all of the plaintiff's requests for rulings.

It is the finding of this Division that the trial court does have authority under G.L. C. 231, § 69, to extend the time within which the defendant must make answer to a Notice To Admit Facts. In the case of *Boston Morris Plan Company* v. *Barrett*, 272 Mass. 487, the Su-

preme Judicial Court held that the action of the trial court in allowing a defendant to file an answer to the Notice To Admit Facts after the ten day period was permissible within the discretion of the trial judge and that the trial judge could allow the defendant to file answer to the Notice in such circumstances. In effect, the Supreme Judicial Court held that the trial court had the authority to grant a motion to extend time even though said motion was filed after the ten day period called for under the appropriate statutes had elapsed. The Supreme Judicial Court further held in that case that where there is an appropriate reason wide power is vested in the courts to grant amendments of form or substance to process, pleadings, or proceedings, in order to enable justice to be done. In the light of this holding, the action of the Trial Judge in denying the plaintiff's motion in the instant case is hereby upheld.

There was no error. **Report dismissed.**

WALLACE H. LEVY of Lowell
    for Plaintiff

EDWIN E. KAARELA of Fitchburg
    for Defendants