WALTER J. BARTNETT *vs.* HERBERT L. HANDY & another.

Hampden.     December 5, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Appeal. *Fraud. False Representation. Conversion. Corpo-
ration,* Refusal to transfer shares.

Where the record on an appeal from a judgment for the defendant based upon
a finding by a judge who heard the action without a jury includes a report by
an auditor but does not include the rule to the auditor or any stipulation or
agreement as to facts, no question of law is presented to this court.

An action of tort for damages alleged to have resulted from false representations
and a conspiracy thereby to defraud the plaintiff by inducing him to sell shares
of stock in a corporation at less than their value cannot be maintained where
it appears that the plaintiff was not misled by such false representations.

An action of tort against an officer of a corporation and the corporation for the
conversion of capital stock of the corporation by refusing to transfer the shares
to the plaintiff to whom the certificate had been indorsed by the former owner
cannot be maintained where it appears that the refusal by the defendants
was due to an injunction issued in a pending suit in equity and in force at the
time of the plaintiff's demand.

TORT against Herbert L. Handy and ·W. H. Miner Chocolate
Company, a Massachusetts corporation, with a declaration in two
counts, the first count being for alleged conversion of shares of
stock of the corporation, which, it was alleged, the defendants
refused to transfer to the plaintiff's name on the books of the
corporation, and the second count sounding in conspiracy to de-
fraud the plaintiff by false representations relating to said stock,
whereby the plaintiff was induced to sell it at less than its value.
Writ dated March 13, 1919.

In the Superior Court, the action was referred to an auditor.
Material findings by the auditor are described in the opinion.
The action afterwards was heard by *Sanderson,* J., without a
jury. While the record contained the report of the auditor, it

did not include the rule to the auditor and did not show what evidence was before the judge. There was a finding for the defendants; and the plaintiff appealed.

The case was submitted on briefs.

*E. W. Carman,* for the plaintiff.

*H. W. Ely & J. B. Ely,* for the defendants.

DE COURCY, J. This appeal from a judgment for the defendant based upon a finding of a judge sitting without a jury presents no question of law. *De Propper, petitioner,* 236 Mass. 500, and cases cited at page 501. The parties, however, have argued the case as if the record presented exceptions to a ruling by the judge solely upon the findings in the auditor's report treated as agreed facts. *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, 9. Even if the record be so treated, the judgment must be affirmed.

In October, 1915, the plaintiff received from W. H. Miner a certificate for two hundred and fifty shares of the W. H. Miner Chocolate Company. The certificate stood in Miner's name and was duly indorsed by him. Bartnett attempted to have a new certificate issued in his own name, but the defendants refused to transfer the stock stating that there was an overissue. The stock was sold by the plaintiff to the defendant Handy in August, 1918, for $22.50 per share. The following March this action of tort was brought to recover for the loss sustained by selling this stock below its market value: the plaintiff basing his claim upon the refusal of the defendants to transfer the stock, and also upon alleged misrepresentations made to him by Handy with reference to the overissue of stock and the financial condition of the corporation. The trial court found for the defendants. The only question raised by the plaintiff's appeal is whether the judgment entered thereon is warranted in any view of the evidence.

The auditor found that at the conference between the parties on July 6, 1918, Handy, who then was president, treasurer and general manager of the W. H. Miner Chocolate Company, told the plaintiff that the stock was overissued, that the company was heavily indebted to him, and that the stock was of little value. At a conference held in August he refused to give the plaintiff a financial statement: and although he had complete knowledge of the affairs of the company, he did not give the plaintiff the information to which he was entitled as a shareholder. But the

difficulty with the plaintiff's case is that he was not misled by the misrepresentations and concealments of Handy. The auditor expressly finds: "Mr. Bartnett acted as the attorney of Mr. Miner and confidential advisor throughout Mr. Miner's relations with the Miner Chocolate Company. He had been conversant with the affairs of the company since it started. He did not believe the statements which Mr. Handy made about the stock being void or being overissued and he did not believe the statements which Mr. Handy made, whatever they may have been, that the company was in a bad financial way. He was not misled by the statements of Mr. Handy nor did he rely on them. . . . I find that Mr. Bartnett was well conversant with the entire situation, and knowing all the facts, except as I have stated, made the best deal he could with Mr. Handy." These findings dispose of any claim based upon misrepresentations. *Lilienthal* v. *Suffolk Brewing Co.* 154 Mass. 185. *Harvey* v. *Squire,* 217 Mass. 411.

It is a sufficient answer to the action for failure to reissue the two hundred and fifty shares in the name of the plaintiff, that an injunction had been issued in December, 1917, in a suit in equity brought by Handy against Miner and others, restraining said chocolate company from transferring stock which stood in the name of William H. Miner; which injunction had not been dissolved even at the time of the hearing before the auditor. It was open to the plaintiff to apply for a modification of that restraining order, and, if successful, to then pursue such further remedies as might be appropriate. The judgment in favor of both defendants was warranted by the evidence, and must be affirmed.

*So ordered.*