B. B. NOYES COMPANY *vs.* CHARLES S. BALLARD.

Franklin.   June 26, 1925. — September 18, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Report.   *Assignment,* For benefit of creditors: personal liability of assignee.   *Receiver.   Contract,* Implied.

A judge, who, without a jury, heard an action of contract in August, 1922, and who in May, 1925, found that "justice requires that this case be reported and considering the engagements and health of the court it has been reported within a reasonable time," then had power to report the case to this court.

A common law assignee of a foreign corporation for the benefit of its creditors is liable personally for the purchase price of merchandise which he buys from one who knows of such assignment and trusts him, although after the purchase was made a receiver of the corporation was appointed by a court of competent jurisdiction and all its property was

taken from the possession of the assignee; and his liability is not restricted to the amount of assets which from time to time were in his hands as assignee.

CONTRACT upon an account annexed for a balance of $7,879.89 and interest alleged to be due for purchases of castings between May 7 and November 22, 1920. Writ dated September 15, 1921.

In the Superior Court, the action was heard by *Thayer,* J., without a jury. Material facts found by him are described in the opinion. There was a finding for the plaintiff on August 2, 1922, in the sum of $8,609.89.

The circumstances in which a bill of exceptions was filed by the defendant on September 5, 1922, and report of the action was made by the trial judge on May 1, 1925, are described in the opinion.

The case was submitted on briefs.

*W. A. Davenport & C. Fairhurst,* for the plaintiff.

*H. W. Ely, W. C. Giles, & C. J. Weston,* for the defendant.

RUGG, C.J. The defendant, apparently within the time allowed by an order of extension, filed a bill of exceptions on September 5, 1922. The plaintiff filed a motion to dismiss the exceptions on September 16, 1922. The judge declined to pass upon this motion. It may be assumed that this was equivalent to a denial of the motion. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18, 19. The case comes before us by report, which begins with these prefatory words, "justice requires that this case be reported and considering the engagements and health of the court it has been reported within a reasonable time." This statement must be accepted as true. Under such circumstances there was power to report the case, and it is rightly before us. *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558, 560. *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298. *Brown* v. *Grow,* 249 Mass. 495, 499.

A foreign corporation having a place of business in this Commonwealth, where manufacturing was conducted, made a common law assignment of its property, machinery and business to the defendant, who accordingly took possession on June 5, 1918, and carried on the business for the benefit

of creditors up to January 6, 1921. While acting as such assignee he purchased and received merchandise from the plaintiff. This action at law is brought against the defendant personally to recover the price of such merchandise so sold and delivered. It was referred to an auditor, whose report was in favor of the plaintiff. It was then heard without a jury by a judge of the Superior Court, whose finding also was in favor of the plaintiff. He further found specifically that the defendant made the purchases of the merchandise, that the plaintiff knew he was assignee for the benefit of creditors and trusted the defendant. There was ample evidence to support these findings. They must stand. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. On January 6, 1921, a receiver, appointed by a court of the jurisdiction where the corporation, whose property the defendant held under the assignment, was domiciled, on a bill alleging fraud and conspiracy on the part of the defendant and others touching the affairs of the corporation, took possession of its assets theretofore in the possession of the defendant.

The defendant, by accepting the assignment of the property of the corporation, became a trustee for the benefit of the creditors. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461, 465. *Boston* v. *Turner*, 201 Mass. 190. *Davoren* v. *Nolan*, 244 Mass. 357, 360. See G. L. c. 203, §§ 40, 41, 42.

It cannot seriously be contended under the findings that the defendant did not become personally liable to the plaintiff for the merchandise which he bought of it. The circumstance that he was conducting the business as assignee under a common law assignment did not relieve him of personal liability. The findings make it plain that the contract of purchase and sale of the merchandise did not exonerate the defendant from personal liability nor restrict the right of the plaintiff to the property which might happen from time to time to be in the hands of the defendant in his capacity as assignee. *Carr* v. *Leahy*, 217 Mass. 438. *Odd Fellows Hall Association* v. *McAllister*, 153 Mass. 292, 297. *Tuttle* v. *First National Bank of Greenfield*, 187 Mass. 533. *Philip Carey Co.* v. *Pingree*, 223 Mass. 352. *Jump* v. *Sparl-*

*ing,* 218 Mass. 324.   There is no room for the application of the doctrine of an agent acting for a disclosed principal. On the findings the defendant was himself the principal.

The only further question reported is whether the removal by the receiver of the assets from the possession of the defendant as assignee for the benefit of the creditors relieved the defendant from responsibility to the plaintiff for goods delivered to him before the appointment of the receiver. This constitutes no barrier to recovery from the defendant. His liability to the plaintiff is not obliterated by that fact. A debt once established is not extinguished except by payment, accord and satisfaction, novation, or some other recognized principle of law.   It is not barred except by some statutory enactment, such as the statute of limitations or discharge in bankruptcy or in insolvency, or by election of remedies, estoppel, or possibly by some other principle. On this record the plaintiff is not shown to have done anything or to have refrained from doing anything which prevents it from collecting its debt; nor does the defendant prove anything in bar of that debt.   The regularity of the proceedings by which the receiver acquired possession of the property, which prior to January 6, 1921, was in the possession of the defendant as assignee, is not before us. The receiver is not a party to the present proceedings.   His appointment doubtless was within the jurisdiction of the appropriate court of the domicil of the corporation.   *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580.

Other proceedings in court to which the defendant was a party afford no defence.   The principle of *Bartnett* v. *Handy,* 243 Mass. 446, has no pertinency on the case here presented.

The position of the defendant appears to be hard.   The property out of which he might have reimbursed himself has been taken away from him.   Whether the court appointing the receiver ought on proper proceedings to see that he is made whole for his loss, of course is not for us to decide. See *Shannon* v. *Shepard Manuf. Co., Inc.* 230 Mass. 224.

In accordance with the terms of the report, judgment is to be entered for the plaintiff for $8,609.89, with interest at six percent from the date of the finding.

*So ordered.*