WILLIAM F. BENNETT, JUNIOR, & others *vs.* WILLIAM H. BROWNE & others.

Suffolk. December 7, 1934. — February 28, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations,* Security for public work.

Where materials used in a public work constructed pursuant to a contract between a contractor and a city were sold, not to a subcontractor himself, but to trustees to whom he had made an assignment for the benefit of creditors, the security furnished by the general contractor under G. L. (Ter. Ed.) c. 149, § 29, was not available to the seller of the materials.

BILL IN EQUITY, filed in the Superior Court on January 6, 1932, and described in the opinion.

The suit was referred to a master. Material facts found by him are described in the opinion.

It further appeared that the contract between the general contractor and the city of Boston was made on November 6, 1930; and that on November 19, 1930, the general contractor made the subcontract with "William H. Browne Company," not knowing that Browne already had made the assignment described in the opinion.

By order of *Weed,* J., there were entered an interlocutory decree overruling exceptions by the plaintiffs to the master's

report and confirming the report, and a final decree dismissing the bill. The plaintiffs appealed.

C. J. *Redmond*, for the plaintiffs.

R. J. *Lane*, for the defendants.

LUMMUS, J. This is a suit in equity to get the benefit of security for the payment by one Browne, a subcontractor, doing business as William H. Browne and Company, of $3,822.56 for materials furnished by the plaintiff firm in the construction of a schoolhouse for the city of Boston. The security was obtained under G. L. (Ter. Ed.) c. 149, § 29, in the form of a bond, running to the city, with the defendant Central Surety & Insurance Corporation as obligor. Claims were established in favor of two intervening petitioners, but the original bill of the plaintiffs was dismissed. They appealed.

On May 7, 1930, Browne had made an assignment of his assets, for the benefit of his creditors, to three trustees, one of whom was a member of the plaintiff firm. The assignment provided that the trustees were to be known as "William H. Browne & Co., Trustees." It is expressly found that the trustees were the purchasers of, and the debtors for, the materials for which the plaintiffs seek payment. *B. B. Noyes Co.* v. *Ballard*, 253 Mass. 340. That finding is consistent with the further finding that invoices for the materials were made out in the name of William H. Browne Company. But the subcontractor named in the contract with the contractor of November 19, 1930, was William H. Browne Company, and that meant Browne as an individual, as the bill and the argument for the plaintiffs admit.

Since the debt for which the plaintiffs seek payment was not owed them by a contractor or subcontractor, they are not entitled to the benefit of the statutory security. *Claycraft Co.* v. *John Bowen Co.* 287 Mass. 255. The exceptions to the master's report show no error, but require no discussion. Most of them are immaterial to the decisive point.

*Decree affirmed with costs.*