## MARGARET GRANGER vs. GEORGE LOVELY.

Suffolk.    December 9, 1938. — March 8, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil*, Report. *Negligence*, Gross, Motor vehicle, In use of way.

A judge of the Superior Court has power in his discretion under G. L. (Ter. Ed.) c. 231, § 111, to report an action to this court although a previous report by him has been dismissed for lack of compliance with § 135, provided the action has not gone to judgment in the meantime.

A finding of gross negligence of the operator of an automobile was warranted on evidence that, when he was driving at twenty-five miles per hour on a rainy evening and was thirty feet from an underpass

having abutments on both sides and supports in the middle, he momentarily took his attention from his driving and turned in his seat, whereupon the automobile struck the middle support.

TORT. Writ in the Superior Court dated April 17, 1934.
The action was reported by *Hurley*, J.
*L. Aronson*, for the plaintiff.
*R. H. Field*, (*E. Field*, with him,) for the defendant.

LUMMUS, J.   The plaintiff was riding at the right side of the defendant in an automobile. operated by him on the evening of January 13, 1934.   Earlier in the evening. a coat had been stolen from the automobile, and that disturbed the plaintiff.   After notifying the police, they crossed the West Boston bridge from Boston to Cambridge and turned to the right to go to the underpass.   After making the turn, a short straight piece of road leads to the underpass, which runs at right angles to the bridge, and is divided by the supports of the bridge into two narrow lanes.   The plaintiff testified that it was raining hard, that the windshield wiper in front of the defendant was not working properly and had to be worked by hand, that after making the turn and reaching a point about thirty feet from the supports of the· bridge at the underpass the speed was about twenty-five miles an hour, and that at that point the defendant said, "I have some candy, maybe that will cheer you up," and turned his head, right arm and body to the right towards her while he reached with his right hand in the back of the seat behind and above them.   She testified that while he was doing that and looking at her, for "less than a second," the automobile struck the supports of the bridge in the middle of the underpass, and she was severely hurt.

Upon this evidence, the jury returned a verdict for the plaintiff for $2,500.   Under leave reserved (G. L. [Ter. Ed.] c. 231, § 120) the judge entered a verdict for the defendant, subject to the plaintiff's exception.

No bill of exceptions was filed.   Instead, the judge filed on May 11, 1938, a report to this court, and the clerk notified the parties of the filing as required by Rule 75 of the Superior Court (1932).   But no order in writing for the preparation of necessary papers and copies was given within

the ten days allowed by G. L. (Ter. Ed.) c. 231, § 135, nor until June 24, 1938. The result was, that on the motion of the defendant the report was discharged in the Superior Court on July 7, 1938, under G. L. (Ter. Ed.) c. 231, § 133.

On July 28, 1938, the judge, being of opinion that the plaintiff, in failing to give seasonably the required order in writing, acted "inadvertently and without serious fault," that there was "a real question of law involved in this action," and that the "ends of justice required" a report of the case, filed this second report, subject to the exception of the defendant. This report purports to bring here (1) the question of the right to make this second report, and, if that right is established, (2) the propriety of the entry of a verdict for the defendant.

The statute permitting a report from the Superior Court places no limit of time upon the right to report. G. L. (Ter. Ed.) c. 231, § 111. Obviously a report must be made before final judgment. G. L. (Ter. Ed.) c. 231, §§ 124, 125. This was decided in *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298, 301. In the present case it is not contended that final judgment was rendered. The plaintiff moved for a second report on the day after the first report was discharged. Short of final judgment, no definite limit has ever been set for the exercise of the power to report. *Lee* v. *Blodget,* 214 Mass. 374, 378. *Jordan Marsh Co.* v. *Cohen,* 242 Mass. 245, 250. *Walsh* v. *Adams,* 245 Mass. 1, 4. *B. B. Noyes Co.* v. *Ballard,* 253 Mass. 340, 341. *Hall* v. *College of Physicians & Surgeons,* 254 Mass. 95. *American Fireworks Co. of Massachusetts* v. *Morrison,* 300 Mass. 531. The provisions of Rule 75 of the Superior Court (1932) for the vacation of a reservation for report where action is not taken within specified times thereafter, are expressly made subject to "the right of the justice who originally reserved the case for report, or of any other justice in the cases provided for by G. L. c. 231 § 112, to report the case at any time before judgment." *Leland* v. *Order of United Commercial Travelers,* 233 Mass. 558. *Brown* v. *Grow,* 249 Mass. 495. *Berlandi* v. *Union Freight Railroad,* 301 Mass. 47.

A common and well recognized reason for making a report

is that a party, through ignorance or inattention, has lost meritorious exceptions which were intended to raise the same question of law presented by the report. *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209, 212. *Jordan Marsh Co.* v. *Cohen,* 242 Mass. 245, 250. We do not see why the discretionary power to report, unqualified except by the terms of the statute, may not with equal propriety be exercised where a party has lost the benefit of an earlier report under circumstances that appeal to the conscience of the judge as requiring a second exercise of that power in order to do justice. He must be trusted not to exercise that power out of complaisance or weakness. In our opinion he is not deprived of any power by the existence in this court, under G. L. (Ter. Ed.) c. 211, § 11, as amended by St. 1933, c. 300, § 1, of the right to allow a late entry of the first report if the failure to enter it seasonably was due to "mistake or accident or other sufficient cause." The second report is properly before us.

On the merits, we think that there was evidence of gross negligence for the consideration of the jury. Although the apparent inattention on the part of the defendant was momentary, as in *Curley* v. *Mahan,* 288 Mass. 369, *Adamian* v. *Messerlian,* 292 Mass. 275, *Folan* v. *Price,* 293 Mass. 76, *Woods* v. *Woods,* 295 Mass. 238, 243, and *Cahalane* v. *Dennery,* 298 Mass. 34, and not for a substantial time, as in *Crowley* v. *Fisher,* 284 Mass. 205, *Copeland* v. *Russell,* 290 Mass. 542, *Koufman* v. *Feinberg,* 298 Mass. 270, and *McGaffigan* v. *Kennedy, ante,* 12, the automobile at the time was about thirty feet from the underpass, which had abutments on both sides and supports in the middle. With the automobile travelling at the rate of twenty-five miles an hour, a point of great danger would be reached in less than a second. To choose that time for even momentary inattention was evidence of gross negligence. *Meeney* v. *Doyle,* 276 Mass. 218. *Caldbeck* v. *Flint,* 281 Mass. 360. *Picarello* v. *Rodakis,* 299 Mass. 33.

> *Judgment for the plaintiff on the verdict returned by the jury.*