RUTH S. PASSLER *vs.* VALERIA R. MOWBRAY
(and three companion cases [1]).

Suffolk.    April 3, 1945. — May 7, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Motor vehicle, Gross.

The mere fact that, in circumstances not of unusual hazard, an operator of an automobile momentarily turned his head to reprimand a child in the rear seat, whereupon the automobile crossed the road and crashed into a pole, would not have warranted a finding of gross negligence on his part.

FOUR ACTIONS OF TORT.  Writs in the Municipal Court of the City of Boston dated January 10, 1941.

On removal to the Superior Court, the cases were tried before *Cabot*, J.

*G. J. Ganer*, (*E. E. Mackiernan* with him,) for the plaintiffs.

*S. P. Sears*, (*J. W. Lobdell* with him,) for the defendant.

FIELD, C.J.  These are four actions of tort.  Three of the plaintiffs are, respectively, Ruth S. Passler and her young daughters Ruth Ann Passler and Mary Elizabeth Passler, each of whom seeks to recover compensation for personal injuries sustained, while riding as a guest in an automobile operated by the defendant, by reason of the alleged gross negligence of the defendant.  In the fourth case the plaintiff, the husband and father, seeks to recover consequential damages.  At the trial of the cases in the

---

[1] The companion cases are by Ruth Ann Passler, Mary Elizabeth Passler, and Harry B. Passler against the same defendant.

Superior Court counsel for the plaintiffs made an opening to the jury. The defendant moved for directed verdicts upon the opening. After counsel for the plaintiffs had stated, in reply to a question by the judge, that he had made a complete opening and "had nothing to add," the judge granted the defendant's motion and accordingly directed a verdict for the defendant in each case. The plaintiffs excepted.

There was no error.

It was proper for the judge to direct verdicts for the defendant if, assuming the facts stated in the opening to be true, these facts would not warrant verdicts for the plaintiffs respectively. *Mulvaney* v. *Worcester*, 293 Mass. 32, 33. *Cahalane* v. *Dennery*, 298 Mass. 34, 36.

The facts stated in the opening would not warrant a verdict for any of the plaintiffs. It was stated that the plaintiff Ruth S. Passler, the mother, and one of her daughters were riding on the front seat of the automobile with the operator, the defendant, and that the other daughter of this plaintiff and two daughters of the defendant were riding in the rear. The facts most favorable to the plaintiffs upon the issue of the defendant's gross negligence were that, when the automobile was travelling along the road at a speed not stated, the defendant "while driving turned her head . . . to reprimand her children or one of the children in back, and while she was driving along, the car crossed the road, crashed into a telephone pole and became wedged into a trée," and the three plaintiffs riding in the automobile were injured. These facts do not show directly or by reasonable inference that the defendant's turning of her head was more than momentary. And there was no statement in the opening that there were any unfavorable weather, road or traffic conditions; or that the defendant, before she turned her head, was not watching the road ahead of her or was not operating the automobile carefully. Whatever may be true of momentary inattention of an operator of an automobile in circumstances of unusual hazard (see *Granger* v. *Lovely*, 302 Mass. 504, 507), in the present cases, where no such circumstances are shown, the

fact that the defendant turned her head to reprimand a child or children, without more, falls short of warranting a finding that she was guilty of gross negligence, that is, that there was on her part "an utter disregard of the dictates of prudence amounting to complete neglect of the safety of the guest, which would constitute gross negligence." *Manning* v. *Simpson*, 261 Mass. 494, 496.

These cases fall in the class of cases illustrated by *Beaton* v. *Dawson*, 303 Mass. 429 (see also *Curley* v. *Mahan*, 288 Mass. 369, 374; *Adamian* v. *Messerlian*, 292 Mass. 275, 276–277; *Folan* v. *Price*, 293 Mass. 76, 78–79), rather than in the class of cases illustrated by *Rog* v. *Eltis*, 269 Mass. 466, 467–468, *Kirby* v. *Keating*, 271 Mass. 390, 392–393, *Picarello* v. *Rodakis*, 299 Mass. 33, 34–35, and *McGaffigan* v. *Kennedy*, 302 Mass. 12, 15, relied on by the plaintiffs.

*Exceptions overruled.*

---

### MEMORANDUM.

At the opening of court on May 8, 1945, the Chief Justice stated:

In recognition of, and in thankfulness for, the victory in the war in Europe, and in appreciation of the services and sacrifices of those who brought it to pass, we will stand for a moment, and then go forward with the work of the court as a symbol that more remains to be done.