NORMA D. ALLEN vs. NATIONAL PEANUT CORPORATION.

Worcester.    September 22, 1947. — October 30, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence,* Unfit agent.  *Assault.  Agency,* Principal's liability to third person.

A finding of negligence on the part of the proprietor of a store toward a female employee of the store raped there by its manager would not have been warranted in the absence of evidence that the proprietor knew certain facts tending to show bad character of the manager respecting sexual matters or that, even if the proprietor had known such facts, they would have led him to anticipate that the manager would commit the crime of rape.

TORT.    Writ in the Superior Court dated June 6, 1945.
The action was tried before *Donnelly, J.*
*J. L. Bianchi & J. J. George,* for the plaintiff, submitted a brief.
*F. X. Reilly, Jr.,* for the defendant.
LUMMUS, J.    In this case a verdict for the defendant was directed upon the opening made by counsel for the plaintiff, and the plaintiff excepted.  See *Mulvaney* v. *Worcester,* 293 Mass. 32; *Passler* v. *Mowbray,* 318 Mass. 231, 232; *Carbone* v. *Trustees of New York, New Haven & Hartford Railroad,* 320 Mass. 710, 713, 714.

The allegations of the opening may be summarized as follows.    In October, 1944, the plaintiff, a girl of fifteen years, was hired to work in a store for the defendant by a man named Pelosi who was employed by the defendant as manager of the store.    In the evening of February 8, 1945, Pelosi raped the plaintiff in the rear room of the store.    Previously Pelosi had been convicted of lewdness, and of neglect to support his illegitimate child.

The plaintiff's counsel did not state in what court the record of Pelosi's convictions was to be found, nor whether the defendant knew of them.    For all that he stated, the defendant was ignorant of the bad character of Pelosi.

Moreover, even if the defendant had known all the facts, it might have had reason to anticipate attempts at seduction on his part, but not a crime of violence like a rape. *Barboza* v. *Decas*, 311 Mass. 10, 13. Of course such a crime had no connection with his employment. *Ciarmataro* v. *Adams*, 275 Mass. 521, 526, 527. *Sullivan* v. *Crowley*, 307 Mass. 189. The case is governed by *Carini* v. *Roman Catholic Bishop of Springfield*, 219 Mass. 117.

*Exceptions overruled.*