Pettingell, P. J.
Action of contract for rent of a garage with interest thereon. The answer of the N. E. Colonial Furniture Co. is a general denial and that the indebtedness due the plaintiff is that of the defendant Gordon. The answer of Gordon is a general denial. After the hearing the trial judge found against the N. E. Colonial Furniture Co. and for the defendant Gordon. These findings were made on May 16, 1947.
May 20, 1947 the defendant N. E. Colonial Furniture Co. filed a request for a report with the clerk. May 24, 1947 the defendant N. E. Colonial Furniture Co. forwarded a draft report with a letter in an envelope addressed as follows:
*102 “Philip Sherman, Justice c/o William J. Bell, Clerk District Court of Somerville"
Somerville, Massachusetts ’ ’
The letter read as follows:
“May 24, 1947
Philip Sherman, Justice c/o William J. Bell, Clerk District Court of Somerville Somerville, Massachusetts
BE: McAllister vs. N. E. Colonial Furn. Co., et al.
Dear Sir:
I am herewith enclosing the draft report with reference to the above entitled matter. Please file the same and call, it to the attention of the presiding justice.
Very truly yours,
eg Enc.”
On the above stated envelope is a notation “Deceived June 5-47, Wm. J. Bell, Clerk”. The above envelope containing said letter was left unopened on the desk in the lobby of Judge Sherman. There is no docket entry or any other official record in the clerk’s office of any draft report being filed therein. Copies of the above mentioned draft report were forwarded to the attorneys for the other parties on May 26, 1947.
The defendant N. E. Colonial Furniture Co. heard nothing about the allowance or disallowance of the above mentioned draft report and on June 24, 1947, a letter was forwarded to William J. Bell, Clerk of the District Court of Somerville making a request on behalf of the N. E. Colonial Furniture Co. to be present at the hearing for the allowance of the draft report. This letter was returned to the attorney for the defendant N. E. Colonial Furniture *103 Co. with a notation “No draft report has been filed in this case. Case has gone to Judgment, Yours truly, Wm. J. Bell, Clerk.”
July 1,1947 the defendant N. E. Colonial Furniture Company’s attorney filed three motions. (1) Motion of the defendant, the N. E. Colonial Furniture Co. to file draft report nunc pro tunc. (2) Motion of the defendant, N. E. Colonial Furniture Co. to report draft report. (3) Motion of the defendant N. E. Colonial Furniture Co. to strike out entry of judgment against the N. E. Colonial Furniture Co.
November 14, 1947, a hearing was held on these motions before Philip Sherman, Special Justice at the District Court of Somerville who had heard the case, with all parties being present. Before argument on the above mentioned motion the N. E. Colonial Furniture Company filed the following requests for rulings:
(1) That a draft report forwarded by mail, postage prepaid, and addressed as follows: ‘Philip Sherman, Justice, c/o William J. Bell, Clerk, District Court of Somerville, Somerville, Massachusetts’ and the letter in which the draft report is contained, requests that it be filed and called to the attention of the presiding justice, is filed in accordance with the requirements of the law and the rules concerning the filing of draft reports. See wording of rules #27 and #28 of the District Court; Gallagher v. Atkins, 305 Mass. 261, 25 N. E. 2nd 743; Mass. Drug Company v. Benchs, 256 Mass. 535; Granger v. Lovely, 302 Mass. 504, 19, N. E. 2nd 798. (2) The presiding justice has the power to correct the record regardless of the time elapsed. Long v. George, 7 N. E. 2nd 149; Barton v. City of Cambridge, 61 N. E. 2nd 830. (3) That the practice in regard to the claim for a report or a draft report not rightly on the files of the District Court in which the case was tried is similar to the practice in regard to bill of exceptions in other Courts. Gallagher v. Atkins, supra. (4) That the case was not ripe for judg *104 ment where a request for report was made and on file and was not disposed of either by the Court or on motion. Hammond v. Boston Terminal Company, 4 N. E. 2nd 528. (5) That a draft report forwarded within the ten days required under the rules, to the presiding justice in care of the clerk of Court should be considered as filed in time in order to do justice. Granger v. Lovely, supra. (6) That a late entry of a draft report is proper.if said draft report was forwarded within the ten days required under the rules to the presiding justice in care of the clerk of Court by reason of a mistake. Granger v. Lovely, supra. (7) That the allowance of a draft report by the presiding justice after the time allowed by the rules of the District Court has elapsed is proper where a party through ignorance or inattention would lose meritorious exceptions. Watts v. Watts, 312 Mass. 442; 45 N. E. 2nd 273.
The Court denied the motions of the defendant, N. E. Colonial Furniture Co.; with regard' to the defendants’ requests for rulings in connection with the said motions the trial judge made the following notation: “Not acted upon as motions are directed to the discretion of the Court.” The report contains all evidence material to the questions reported.
Because of the action of the defendant in mailing the draft report to the trial judge at the judge’s lobby instead of to the clerk in the same building, the draft report did not reach the clerk and was not properly filed. As it did not reach the clerk it was never placed on file. No draft report having been filed, the case went to judgment, May 23, 1947. The judgment has remained of. record since the day of its entry.
The statute providing for appeals from the district court to the Appellate Divisions is a matter of strictissimi juris: “There must be a precise compliance with every requirement of the statute and the rule.” Thorndike, petitioner, *105 244 Mass. 429, at 431. It was unfortunate that the letter in question was misdirected but the defendant knew the correct address and knew to whom it should have been addressed for only a few days before he had requested a report and in that case had properly addressed the requests to the clerk at the proper address, Gr. L. c. 231, § 108, as amended. When following the receipt and filing of the request for a report, no draft report arrived at the clerk’s office within the time allowed by statute, it was proper for a judgment to be entered in accordance with findings of the court following the trial.
In such a situation the Appellate Division has no jurisdiction of the attempted appeal. Filing of a claim of report confers no jurisdiction, but is simply notice of intention. “A draft report on the files of the court is a prerequisite to the establishment of a report.” Gallagher v. Atkins, 305 Mass. 261, at 262. In Kelly v. Foley, 284 Mass. 503, at 506, the court says: ‘ ‘ The jurisdiction of the Appellate Division is, therefore, confined to questions of law raised before the case is ripe for judgment and does not extend to matters raised after the entry of a valid judgment.” Donnelly v. Montague, 305 Mass. 14, at 17.
The proceeding before us is not a proper way to attack the judgment which has been entered against the defendant in this case. That judgment, as long as it stands, is a complete barrier to any actions on the part of the Appellate Division. Deport dismissed.