Rockingham,
No. 4573.

OSCAR ROY *v.* GERARD ROY.

Argued May 7, 1957.

Decided June 28, 1957.

*Robert Shaw, Russell H. McGuirk* and *Richard P. Dunfey* (*Mr. Dunfey* orally), for the plaintiff.

*Waldron, Boynton & Waldron* and *Richard E. Dill* (*Mr. Dill* orally), for the defendant.

KENISON, C. J. This case is controlled by the law of Massachusetts which requires that the plaintiff as guest-passenger must prove that the defendant as host-motorist was grossly negligent in order to recover. *Conant* v. *Collins,* 90 N. H. 434. The defendant's motions for a nonsuit and directed verdict and the motion to set aside the verdict are predicated on the proposition that the evidence does not establish gross negligence of the defendant. In deciding this issue we are mindful of the admonition that courts "must take care not to permit juries to convert all negligence into gross negligence." *Romer* v. *Kaplan,* 315 Mass. 736, 738.

The evidence discloses that the highway was "very slippery and icy," that the occupants of the automobile talked "about the fact it was dangerous driving" and that prior to the accident other automobiles were observed "spinning right around." As the defendant was descending one incline he "gassed" or accelerated his car to thirty-five or forty miles an hour to make another incline. The plaintiff warned the defendant "to take it easy" and the defendant turned to the plaintiff on the rear seat retorting that he had to go that fast to make the hill. Then as the defendant turned once again and looked toward the rear seat, "the rear end started to slide" and came into collision with an automobile traveling in the opposite direction on the far side of the highway.

The fact that a driver momentarily turns his head to look or talk with an occupant in the rear seat does not of itself establish gross negligence. *Curley* v. *Mahan,* 288 Mass. 369, 374; *Folan* v. *Price,* 293 Mass. 76; *Passler* v. *Mowbray,* 318 Mass. 231. One of the leading cases on this issue is *Adamian* v. *Messerlian,* 292 Mass. 275, 277, in which it is noted that there "is nothing to indicate that the momentary turning by the defendant to look at one of the plaintiffs on the back seat had any relation to the cause of the accident." While the *Adamian* case has been frequently distinguished, it is still followed and applied in Massachusetts. *Belina* v. *Pelczarski,* 333 Mass. 730.

The other side of the coin is exemplified by those cases which hold that momentary inattention may be evidence of gross negligence where the danger is great and the time to act is short in duration. *Granger* v. *Lovely,* 302 Mass. 504, 507; *Green* v. *Hoffarth,* 277 Mass. 508, 516; *Dinardi* v. *Herook,* 328 Mass. 572.

We think the facts of the present case are not controlled by *Adamian* v. *Messerlian*, 292 Mass. 275, *supra*, and cases which follow it because of several distinguishing factors. In this case it was not a single momentary glance toward the rear seat which the defendant took but on the contrary he took his eyes from the road twice while talking to the plaintiff in the rear seat of the car. Furthermore the conditions of the highway were obviously more dangerous than existed in those cases which follow *Adamian, supra*. This accident occurred in a place of great and immediate danger at a time when speed and road conditions gave little opportunity for saving action. *Granger* v. *Lovely*, 302 Mass. 504; *Passler* v. *Mowbray*, 318 Mass. 231, 232. These facts would constitute gross negligence under the Massachusetts cases. *Dinardi* v. *Herook*, 328 Mass. 572, 575. The defendant's action in taking his eyes from the road to talk with the plaintiff on two occasions at an accelerated speed and on an icy highway where other cars were obviously "spinning around" goes beyond the pale of ordinary negligence. Consequently it was proper to submit the case to the jury on the issue of gross negligence. The motions for a nonsuit and a directed verdict and the motion to set aside the verdict were properly denied.

The delay in trying this case is unfortunate and was due in part to the fact that both the plaintiff and the defendant were in military service at different times. We cannot say that the allowance of the amendment to permit the substitution of the minor plaintiff in place of his father and next friend as nominal plaintiff was an abuse of discretion under the circumstances. *Whitney* v. *Hood & Sons*, 88 N. H. 483. The Court found that the delay was not only due to military service but that "various factors have quite evidently contributed to the delay." He further found and advised the jury as follows: "Whatever the fact that contributed to the delay in the trial it need not concern us because there is no indication that either the plaintiff or the defendant was at fault in the delay of the trial of this case." In the absence of any abuse of discretion it was proper to allow the amendment from the nominal plaintiff to the real party in interest. *New York Cent. R. R.* v. *Kinney*, 260 U. S. 340, 346; note, Developments in the Law - Statutes of Limitations, 63 Harv. L. Rev. 1177, 1241; *Gagnon* v. *Connor*, 64 N. H. 276. See *Ghilain* v. *Couture*, 84 N. H. 48. The general rule which is applicable to this case is stated as follows: "It is generally held that where an action was brought by a nominal

92

plaintiff or one suing for the use of another, an amendment of the complaint after the statute of limitations has run, by substituting the real party in interest as plaintiff where he is the one having the right of action or where the action could have been brought in his name as well as in that of the nominal plaintiff, relates back to the commencement of the action." Anno. 8 A. L. R. (2d) 6, 60.

*Judgment on the verdict.*

All concurred.