JAMES D. SHEA CO., INC. *vs.* PERINI CORPORATION & another. January 10, 1975. Defendants appeal from orders allowing plain-

tiff's "motion for judgment on undisputed facts" and denying such a motion by the defendants, and from the final decree. This suit was brought by the plaintiff under G. L. c. 149, § 29, to collect money from a general contractor and its bonding company, which money was owed, to the plaintiff for blasting supplies furnished to Ribot Corporation. These supplies were used by Ribot Corporation in quarrying stone furnished to defendant Perini Corporation for an airport runway extension project undertaken for the Massachusetts Port Authority at its Logan International Airport in Boston. While the parties to the bond agreed that it would be governed by G. L. c. 149, § 29, we need not decide whether this was such a project as would come within that section, as we conclude that Ribot Corporation was a material supplier rather than a subcontractor. The protection of a statutory payment bond is limited to those not paid by the general contractor or a subcontractor. *Bennett* v. *Browne,* 290 Mass. 84, 85 (1935). No such protection is extended to parties who are owed money by material suppliers who, in turn, have merely sold goods to a contractor for use on a project. *Claycraft Co.* v. *John Bowen Co.* 287 Mass. 255, 257 (1934). See *American Air Filter Co.* v. *Innamorati Brothers,* 358 Mass. 146, 149 (1970). The case of *Holt & Bugbee Co.* v. *City of Melrose,* 311 Mass. 424, 426-427 (1942), relied on by plaintiff, is inapposite since here the material supplied by Ribot Corporation cannot be said to be "specially fabricated . . . so as to be unsuitable for use elsewhere. . . ." G. L. c. 149, § 29. Defendants also prevail should the statute be considered inapplicable, as it is well established that material suppliers have no rights under a common law payment bond unless the bond expressly states that material suppliers are obligees under the bond, which is not alleged here. *Waite Hardware Co.* v. *Ardini & Pfau, Inc.* 339 Mass. 634, 638 (1959). See *Morse Bros. Elec. Co. Inc.* v. *Martin Shore Realty Co. Inc.* 344 Mass. 81, 84-85 (1962). The interlocutory orders and the final decree are reversed and a new decree is to be entered dismissing the plaintiff's bill.

*So ordered.*

*John D. O'Reilly, III,* for the defendants.
*James F. Reynolds, Jr.,* for the plaintiff.