Henry, Bruce R., J.
The plaintiffs are trustees of various sheet metal union benefit funds (“Trustees”). The defendant, United State Fire Insurance Co. (“United”), is the surety on a payment bond for a private project. Trustees have brought a claim to recover on the payment bond for unpaid union benefit contributions claimed due from a sub-subcontractor, New England Ventilation Co. (NEVC), under a collective bargaining agreement. Trustees make their claim on the payment bond in two counts: in Count I, they seek to recover the unpaid union benefit contributions under c. 149, §29A; and in Count II they seek the same recovery in contract. The parties have each moved for summary judgment. For the reasons that follow, United’s Motion for Summary Judgment is ALLOWED and Trustees’ motion is DENIED.

FACTS

The relevant undisputed facts are as follows.
N.B. Kenney Company, Inc. (Kenney) entered into a subcontract with the prime contractor William A. Berry & Sons (Berry) to perform heating, ventilation and air conditioning work in the construction of the Harvard University Center for Government and International Studies (Project). Kenney provided a Subcontract Payment Bond on the Project in which Kenney is identified as bond “Principal,” United is identified as bond “Surety,” and Berry is identified as “Obligee.” The Payment bond includes the following provisions:
Now therefore the condition of this obligation is such that if the Principal shall promptly make payment to all Claimants as herein defined for all labor and materials used or reasonably required for use in the performance of the Subcontract, then the obligation shall be void;
Otherwise shall remain in full force and effect subject, however, to the following conditions:
(1) A Claimant is defined as one having a direct contract with the Principal for labor, materials or both used or reasonably required for use in the performance of the contract.
(2) . . . every Claimant as herein defined who has not been paid . . . may sue on the bond in Claimant’s own name ..."
Kenney entered into a sub-subcontract with NEVC for sheet metal work required under Kenney’s subcontract with Berry for the Project. NEVC failed to complete its sub-sub contract with Kenney and abandoned the Project prior to substantial completion, requiring Kenney to hire a replacement sheet metal sub-subcontractor.
Plaintiffs are trustees of jointly-trusteed multi-em-ployer fringe benefit pension, health and welfare, annuity, and other funds established, maintained and managed pursuant to the Taft Hartley Act, 29 U.S.C. section 186(c)(5) (“Funds”). Plaintiff Trustees administer the Funds for the sole and exclusive use and benefit of the Funds’ beneficiaries and participants, in accordance with their plan documents and the law. In and before 2005, NEVC was bound by a collective bargaining agreement (“Agreement”) with the Union by virtue of its membership in the Sheet Metal and Air Conditioning Contractors National Association Boston, Inc. The Agreement contains the agreed-upon terms under which labor is supplied to NEVC and other signatory employers.
NEVC employed sheet metal workers covered by the Agreement as labor to perform its subcontract with Kenney on the Project in 2005. NEVC allegedly failed to pay Trustees certain union benefit contributions as provided in the collective bargaining agreement to which NEVC was bound. Kenney never entered into any contract with Trustees nor was it party to any collective bargaining agreement for payment of sheet metal union benefit contributions. Trustees’ claim against United on the payment bond is exclusively for union benefit contributions claimed due from NEVC under the collective bargaining agreement to which NEVC was a party, but Kenney was not.
Under the subcontract between NEVC and Kenney, NEVC assumed “responsibility and liability for any and all damages and injury of any kind or nature whatsoever to all persons, whether employees or otherwise, and to all property growing out of or resulting from the labor or material or both used in the performance of this contract or occurring in connection therewith ...”
Under the terms of the Agreement, the Union was the exclusive representative of sheet metal workers employed by NEVC, and thereby authorized to represent those workers regarding the terms and conditions of their employment, including their rate of wages and fringe benefits. By virtue of the Agreement, those employees assigned to the Union their rights to negotiate the rate and payment of their wages and benefits. The Agreement between NEVC and the Union required NEVC to pay, in addition to wages, contributions for each hour worked by those employees to the Funds for their fringe benefits, including health insurance, pension, annuity, and apprenticeship and training. The contribution rates to the Funds on behalf of covered employees are updated and increased approximately every six months from a portion of the wage increase set forth in the Agreement, and the Union issues a notice with the updated rates to the employers and members covered by the Agreement. The Union workers, through the Union and the Agreement, assign a portion of their compensation for their work to the Trustees of the Funds, who in turn provide health insurance, retirement and other fringe benefits.
Under the Agreement, the contributions required from employers by NEVC to the Funds are included in calculating the total wage package or total amount of compensation paid to Union employees for their work. They are also included in determining whether the Union employees are paid the prevailing minimum *55 wage on public projects. Under the Agreement, an employer’s failure to pay contributions to the Funds permits the Union to remove its members from the job. NEVC failed to pay the total amount of contributions owed for the period February 21, 2005, through June 12, 2005, for the hours worked by Union employees to perform its subcontract with Kenney on the Project.
The Trustees of the Funds made a claim against United in the amount of $56,976.53, representing the contributions NEVC failed to pay the Funds. The Trustees and the Union filed a notice of their bond claim and suit on the bond within the time and in the place required.

DISCUSSION

Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). All evidence must be viewed in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).

G.L.c. 149, §29A

G.L.c. 149, §29A, provides, in pertinent part:
Whenever any surety bond shall be given in connection with any written contract for the erection ... of any private building ... upon privately owned land, containing a condition for payment of all labor and materials used or reasonably required for use in the performance of the contract, any person who furnishes such labor or materials shall be entitled to sue on his own use and benefit upon such bond in accordance with its provisions, and need not prove that he relied upon the bond in furnishing labor or materials. (Emphasis supplied.)
Accordingly, the plain language of §29A dictates that recovery on a common-law payment bond for a private project, such as the bond in this case, is dependent upon the provisions in the payment bond. In General Electric Co. v. Lexington Contracting Corp., 363 Mass. 122, 124 (1973), the court interpreted a payment bond governed by §29A and held that the provisions within the payment bond governed the ability to recover in that case. The court held that the failure of the plaintiff to bring the action within the one-year limitation provision of the payment bond barred recovery upon the bond. Id. Other courts interpreting payment bonds have held that the provisions within the payment bond determine the outcome of the case. For example, in Shea Co., Inc. v. Perini Corp., 2 Mass.App.Ct. 912 (1975), the court stated, “(i]t is well established that material suppliers have no rights under a common law payment bond unless the bond expressly states that material suppliers are obligees under the bond.” Id. at 913. In Peerless Insurance v. South Boston Storage, 397 Mass. 325 (1986), the court stated, “[a] surety bond is a contract. It sets the limits of the surety’s liability.” Id. at 397 Mass. at 327. These cases suggest that the provisions within payment bonds, specifically payment bonds governed by §29A, determine the ability of a claimant to recover under the bond.
The pertinent provision within the payment bond at issue states that “claimants” can recover on the payment bond. The language in the payment bond defines a claimant as “one having a direct contract with the Principal (Kenney) for labor or materials ...” Trustees have no direct contract with Kenney and cannot be deemed “claimants.” As a result, they cannot recover from United under the bond or in contract.
Trustees, relying on language in other cases, argue that the provisions within the payment bond should be construed broadly to allow them to recover from United. Trustees claim they should recover from United because they are third-party beneficiaries. According to the Trustees, while the union employees are the third-party beneficiaries of the contract between Kenney and NEVC, the Trustees “stand in the shoes” of the union employees and, therefore, are third-party beneficiaries. United States v. Carter, 353 U.S. 210, 220 (1957); Choate, Hall & Stuart v. SCA Services, Inc., 378 Mass. 535, 536 (1979). Trustees assert they do qualify as “claimants” because §29Amustbe interpreted liberally to effectuate its purpose of protecting third-party beneficiaries and material men. M. Lasden v. Decker Electrical Corp., 372 Mass. 179 (1977). In that case the court stated:
The purpose of §29A was to create a statutory exception to the rule of law in this Commonwealth which had been held to preclude recovery under a contract by a third-party beneficiary. In creating such an exception, the statute must be seen to incorporate certain policies relative to the protection of material men. The bond, being contingent for enforceability on the statute, must be interpreted in accordance with those policies.
Id. at 182.
The sole issue in the M. Lasden case was whether the materials were used or reasonably required for use in the performance of the contract as required by the surety bond on which recovery was sought. 372 Mass. at 179. The court noted pointedly that whether the *56 plaintiffs were proper “claimants” within the terms of the bond was not an issue in the case. 372 Mass. at 181. Furthermore, the underlying purpose of §29A does not trump the language in §29A which provides that recovery is allowed in accordance with the provisions of the payment bond. Therefore, relying on the language in the payment bond at issue, Trustees are not “claimants” and, therefore, cannot recover from United.
For the foregoing reasons, the Trustees will not succeed on their claims in this matter and summary judgment in favor of United is appropriate.

ORDER

Therefore, it is ORDERED that plaintiffs’ Motion for Summary Judgment is DENIED and defendants’ Motion for Summary Judgment is ALLOWED. Final judgment shall enter for the defendant dismissing the plaintiffs’ claims.